```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

STEVEN DEARBORN,                         No. 05-cv-10642-WGY

    Plaintiff,

    v.

BARNSTABLE COUNTY COMMISSIONERS, et al.,

    Defendants.

<u>ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL
BY KATHLEEN DENNEHY, COMMISSIONER OF CORRECTION</u>

Defendant Kathleen Dennehy ("Dennehy"), in her official capacity as the Commissioner of the Massachusetts Department of Correction ("DOC"), answers the allegations of the complaint, paragraph by paragraph, as follows:

1. Dennehy admits that the plaintiff is a prisoner confined at the Barnstable House of Correction in Bourne, Massachusetts, and that the Barnstable County Sheriff operates the facility. Dennehy denies that the plaintiff is a Massachusetts DOC prisoner, and further answering, states that the plaintiff is a county prisoner.

2. Admit.

3. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

4. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

5. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

2

6. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

10. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

12. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

14. Dennehy hereby repeats her answers to paragraphs 1 through

3

13 as set forth herein.

15. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

16. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

17. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

18. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

<u>Prayers for Relief</u>

Dennehy opposes each and every request for relief sought by the plaintiff.

<u>Affirmative Defenses</u>

Dennehy raises the following affirmative defenses:

1. The complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

2. The complaint is barred by the plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a).

4

3. The complaint is barred by the plaintiff's failure to comply with the Massachusetts Tort Claims Act, Mass. G.L. c. 258.

4. Because of his acts or omissions, the plaintiff has waived any claims he might have against Dennehy for any of the matters asserted.

5. Because of his acts or omissions, the plaintiff is estopped from raising any claims he might have against Dennehy for any of the matters asserted.

6. Dennehy is protected by qualified immunity from suit, and all of her actions were within her qualified immunity. Dennehy's conduct at all relevant times was reasonable, in good faith, without malice or corruption, within the scope of her authority and not in disregard of settled principles of law.

7. Dennehy is not responsible for any injuries allegedly suffered by the plaintiff, if any injury in fact occurred.

## Jury Demand

Dennehy demands a trial by jury on all issues so triable.

      5

KATHLEEN DENNEHY
Commissioner, Mass. Department of Correction

By her attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: May 6, 2005      _/s/ DAVID J. RENTSCH_____
David J. Rentsch, Counsel
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110-1300
(617) 727-3300, ext. 142
BBO #544926


CERTIFICATE OF SERVICE

    I, David J. Rentsch, certify that on this day I mailed a copy of the foregoing paper to Steven Dearborn, pro se, by first class mail, postage pre-paid, at the Barnstable County House of Correction, 6000 Sheriff's Place, Bourne, MA  02532, and to Robert S. Troy, Esq., 90 Route 6A, Sandwich, MA  02563.


Date: May 6, 2005      __/s/ DAVID J. RENTSCH_____
David J. Rentsch