United States District Court
For District of Massachusetts

CLERKS OFFICE
2005 MAY 23 P 3:18
U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action
No. 05-CV-10642

Steven Dearborn Pro Se
Plaintiff,

V.

Commissioner of Corrections,
Barnstable County Commissioners, et al.
Defendants.

## Motion for Summary Judgment

Now comes the Plaintiff in the above-entitled action pursuant to Federal Rules of Civil Procedure (FRCvP) Rule 56 and moves that this Honorable Court grant Summary Judgment on behalf of Plaintiff. As grounds herein, the Plaintiff states and relies on the following:

## Facts in Support

1) Plaintiff is currently confined at Barnstable County House of Correction in Bourne, Massachusetts.

2) Plaintiff filed this complaint in Suffolk Superior Court challenging Defendants policy of showering

him while handcuffed in a disiplinary segregation unit.

3) Plaintiff contends that this action of the defendants constitutes cruel and unusual punishment which violated Plaintiffs rights under the Eighth Amendment to U.S. Constitution as well as 42 USC § 1983 and other state and administrative regulations to which he is entitled to relief.

4) Because defendants admit in Plaintiffs inmate grievance response that it is their policy to shower plaintiff while in disiplinary segregation units, this fact is already established and should not be an issue worthy of trial (SEE EXHIBIT B)

5) Plaintiff suggests to this court that unlike LIBBY V. COMMISSIONER (1982), 385 MASS 421, 432 NE 2d 486, this condition of incarceration does "offend contemporary standards of decency."

6) In TORRES V. COMMISSIONER (1998) (427 MASS 611 et seq.) the court has held that "Prisoner seeking relief under Article 26 Mass. Declaration of Rights, must point to (1) condition or situation which poses substantial risk of serious harm harm and (2) facts establishing that prison persons (officials) have knowledge of situation and ignored it."

7) With regard to paragraph 6)(this motion), Plaintiff contends that: (1) Showering, while handcuffed, prevents free movement necessary to clean oneself and inflicts pain in the wrists while trying to reach different body parts. One is also unable to prevent sudden slip or fall on wet floor. Mere subjection of being handcuffed in a shower stall is inhumane, barbarous and degrading; all of which pose significant risk of serious harm, physical and mental.

8) With regard to paragraph 6)(this motion), Plaintiff contends that: (2) The defendants knew or should have known inasmuchas, admitting to this policy, that normal people should not have to shower, or be subjected to having to shower, while handcuffed; but therefore still ignored it. Defendants were not acting in good faith.

9) The defendants acted with deliberate indifference to Plaintiffs needs involving life's necessities and safety. Unlike Phillips v. Norris (2003)(CA 8 ARK 320 F.3d 844) "defendants actions (do) inflict unnecessary or wanton pain and involves life's necessities."

10) The court states in Torres v. Commissioner of Corrections, that: "Other courts have concluded and we agree that whether prison conditions are sufficiently harmful to establish 8th Amendment violation is purely legal determination for the court to make" (see also Hickey v. Reeder 12 F.3d 754, 756 (8th Cir. 1993) citing Hudson v. McMillian 503 U.S. 1, 6, 117 L.Ed 2d 156). (See

Farmer v. Brennan 511 U.S. 825, 834, 128 L. Ed. 2d. 811, 114, S. Ct 1970 (1994); Helling v. McKinney 509 U.S. 25, 36, 125 L. Ed. 2d 22).

11) In asmuchas paragraphs 1-10, of whether or not fact of showering plaintiff while handcuffed is indeed established fact, Plaintiff now submits as "Exhibits C-1 through C-10" the following affidavits pursuant with 28 USCS § 1746 in support of motion for Summary Judgment. (See attached)

12) Because it is "purely legal determination" for this court to decide 8th Amendment, Plaintiff suggests that a trial on the issue, or merits of showering inmates while handcuffed, is not necessary and Summary Judgment should be granted on such issue, after the court makes such determination.

13) The other issue which Barnstable County defendants raise in response to Plaintiffs complaint, is whether or not Plaintiff had "exhausted all administrative remedies" in accordance with "Prison Litigation Reform Act, 42 USC §§ 1997e et seq". In light of the following facts, Plaintiff suggests that trial is not necessary to establish this fact either.

14) In accordance with Code of Mass. Regulations (103 CMR 934.02) the defendants do have a grievance procedure simply set up for the filing of inmate complaints for redress of such. (See Also M.G.L. Ch.127 § 38(F)(

15) Plaintiff submitted (original) copy of the Inmate Grievance form pertaining to issue of 42 U.S.C. §§ 1997e et seq. marked as Exhibits "A" and "B" as evidence supportive of Plaintiff's exhaust of administrative remedies (see attached Exhibit A, B).

16) Deputy Superintendent "Bonavita" come to Unit "Poo-F" on or about 11.22.04 to respond to Plaintiffs Grievance <u>Appeal</u>. "Bonavita" denied Plaintiffs appeal not to be showered in handcuffs and informed Plaintiff that his decision was final and that if Plaintiff so challenged such "You would be shipped out" of the institution/facility.

17) In fear of reprisals, or other repercussion, Plaintiff at that point, stopped complaining administratively, and once released from segregation unit, "Poo-F", began the process of petitioning the court.

18) Because showering inmates in handcuffs poses safety concerns, worthy of immediate attention, Plaintiff suggests that any time limits required for filing suit be waved due to emergency nature of issue.

19) Defendant Kathleen Dennehy, Commissioner of Department of Correction (DOC) has filed a response to Plaintiffs complaint on May 6, 2005 denying any involvement or responsibility in this matter.

20) In Suffolk County Jail v. Eisenstadt (1974) 494 F.2d 1196, the U.S. Court of Appeals for First Circuit decided that "though the jail is administered by the county, rather than the state, the Commissioner of the D.O.C. holds significant statutory responsibilities and powers relevant to county jail." (See M.G.L. c. 127 § 38E (A)(1)(a)(3)(C) on duties and responsibilities of Commissioner of DOC).

21) Commissioner of D.O.C. besides other powers (494 F.2d 1199), "has general supervision of jails and houses of corrections" (see M.G.L. c. 124 § 1(A) also MGL. c. 127 § 1A, M.G.L. c. 127 § 1B c. 124 §§ 1(O)(Q)).

22) More specifically, in Suffolk County Jail Inmates v. Eisenstadt, the court states.." Given [his] statutory role, the Commissioner may not disavow any responsibility for conditions at jail or from reasonable measures to bring them up to constitutional standards."..."The question is not of personal fault; an official may be enjoined without proof of fault."

23) In light of the aforementioned in par.#22)(this motion), Commissioner of DOC, Kathleen Dennehy is properly enjoined as a defendant and that issue, in itself, is not an issue worthy of trial. Commissioner's responsible for county house of correction in Barnstable County. (See also Richardson v. Sheriff of

Middlesex County (1990) 407 Mass. 455 553 NE 2d. 1286).

24) In order to "pierce the pleadings" of the defendants and to establish and support facts supportive of Motion for Summary Judgment (see attached affidavits "C1 through C10" and exhibits "A, B").

25) Furthermore, Plaintiff relies on F.R.Cv.P. (Rule 56) History, Ancillary Laws and directives to support Motion for Summary Judgment (see also 6 Moore's Federal Practice 2069 (2d ed. 1953); 3 Barron + Holtzoff, supra, § 1235 1).

Therefore, Plaintiff moves that this Court grant Summary Judgment in favor of Plaintiff on all, or any parts, of complaint, and grant any relief requested in such complaint, or to which this Court deems proper, just and fair.

I, Plaintiff, Steven Dearborn, do swear, under pains and penalties, that all of the aforementioned in this Motion for Summary Judgment are true and accurate to the best of my knowledge and beliefs. (Under Pains and Penalties of Perjury)

Date: May 18, 2005

Signed: Steven Dearborn
Steven Dearborn
Pro Se.

C. Filed
(Others in Cert. of Service)

MAR. 8.2005 5:39PM   BCCF (BACK SIDE ALSO)   NO. 2527   P. 11

EXHIBIT A

## BARNSTABLE COUNTY SHERIFF'S OFFICE / CORRECTIONAL FACILITY
## INMATE GRIEVANCE FORM

*Instructions for completion:* (1) Print or write legibly; provide all requested information; sign and date this form. (2) Each form will contain only one grievance. (3) A grievance will not be filed by a group or on behalf of a group of inmates. (4) Forward this form to your Unit Officer/Corrections Officer, who will forward it to the Facility Shift Supervisor if not resolved. (5) All grievances must be submitted within (10) ten working days of the incident.

### INMATE SECTION

NAME: Steven Dearborn   MSA#: 0014676   UNIT: F   ROOM#: 5

UNIT OFFICER: Flanagan   DATE OF OCCURRENCE/INCIDENT: 11/15/04

BRIEF STATEMENT OF FACTS: I'm entitled by law to have unlimited access to courts and public officials. Presently my rights are being violated. I'm being denied "Due Process" by being limited to the times I'm allowed to write and correspond with private and public persons on the outside. My legal work was taken from me. I'm not allowed to purchase stamps, envelopes and paper and writing utensils while in segregation which is against the law of the Commonwealth of Massachusetts and Federal Law.

REMEDY REQUESTED: I need my information copied from my agenda - address book. I need to have my legal work returned to me and I need to purchase the proper stationery and writing materials and cosmetics. And I should not be handcuffed while taking a shower! 8th Amendment. Article 27 violations.

HAVE YOU TALKED WITH YOUR UNIT OFFICER? (YES) NO

HAVE YOU TALKED WITH ANYONE ELSE?   YES   NO

IF YES, WITH WHOM?   WHEN? Restroom today

RESULTS: They tell me that they are only following the rules that they were told to enforce. I'm supposed to be allowed stationery products and legal supplies to correspond. I'm currently involved in civil due process and this institution is preventing me from meeting deadlines and limiting my accessibility to the Suffolk Superior Court. I need to possess legal materials to write and file motions. Unlimited

INMATE SIGNATURE: _____   DATE: 11/17/04

### UNIT MANAGER / FACILITY SHIFT SUPERVISOR SECTION

[X] FORM REJECTED - Returned to Inmate for the following reason(s): You are allowed these simply requests you are writing. I will speak with you about this matter today. 11/18/04

UNIT MANAGER / SUPERVISOR NAME: Lt. Peter M. Monteiro

Please Read back page !!

MAR. 8. 2005; 5:39PM   BCCF                                NO. 2527   P. 12

EXHIBIT B

11/19/04

## GRIEVANCE REVIEW FORM.....

INMATE STEVEN DEARBORN MSA#0014676

RESPONSE FROM: ADS.P.LUCAS UNIT MANAGER LT.P.M.MONTEIRO

1) PEN, PAPER AND ENVELOPES WILL BE SUPPLIED TO YOU FROM THE UNIT OFFICER FOR LEGAL AND GENERAL CORESPONDENCE.
2) LAW LIBRARY ACCESS WILL BE GRANTED DURING YOUR (1) HR RECREATION PERIOD AND ONLY AT THIS TIME.
3) YOU WILL REMAIN HANDCUFFED DURING YOUR SHOWER AS PER OUR POLICY AND YOU WILL BE PLACED IN LEG RESTRAINTS WHEN YOU ARE OUT OF YOUR CELL.
4) YOU MAY ORDER CANTEEN WHEN AND IF YOU SERVE YOUR D/ISO TIME AND YOU ARE SEEN BY CLASSIFICATION AND MOVED TO THE AD-SEG UNIT (POD-G).
5) YOUR RIGHTS HAVE NOT BEEN VIOLATED IN ANY WAY SHAPE OR FORM DURING YOUR INCARCERATION AT THE (BCCF). YOUR BEHAVIOR HAS PUT YOU IN A POSITION THAT LIMITS YOU FROM OBTAINING WHAT YOU NEED TO GET DONE WITH YOUR LEGAL MATTERS.
6) PER OUR PLOICY YOUR GRIEVANCE HAS BEEN LOGGED AND FILED AND YOU HAVE RECEIVED A COPY OF OUR RESPONSE, AS I AM SURE YOU KNOW YOU MAY APPEAL MY DICESION TO THE DEPUTY SUPERINTENDANT.

7) Return this and my 3 pages of appeal please

MSA#0014676

EXHIBIT C-1

# AFFIDAVIT

I, **Stephen Paul Nydam** Barnstable Sheriff Office # **17017**, do hereby swear under the pains and penalties of perjury, that while incarcerated at Barnstable County House of Correction from **Nov 27, 2002** to **October 10, 2005**, I was placed into the segregation unit (Pod F) on **Oct - Nov 2004** until **Nov. 2004**, at which time I was forced to shower with handcuffs on. I am willing to testify to these facts.

Date: **February 1, 2005**

Stephen Paul Nydam
6000 Sheriff Place
Bourne, MA 02532

c. file

EXHIBIT C

## AFFIDAVIT

I, Stephen M Rafuse Jr, BARNSTABLE SHERIFF OFFICE # 0000982 DO HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY, THAT WHILE INCARCERATED AT BARNSTABLE HOUSE OF CORRECTION, FROM July 14 04 TO March 05, I WAS PLACED INTO THE SEGREGATION UNIT (POD-F) ON OCT 18-04 UNTIL NOV 28-04, AT WHICH TIME I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I am willing to TESTIFY TO THESE FACTS.

Stephen Rafuse Jr
STEPHEN RAFUSE JR.
6000 SHERIFFS PLACE
BARNE, MA 02532

DATE: 2-3-05

c. File

EXHIBIT C-3
C-3

## AFFIDAVIT

I, Dennis M. Lougee Jr., BARNSTABLE SHERIFF OFFICE # MSA-0648411, DO HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY THAT WHILE INCARCERATED AT BARNSTABLE COUNTY HOUSE OF CORRECTION FROM, ON, OR ABOUT January 10th, 2005, TO Present Date I WAS PLACED INTO THE SEGREGATION UNIT "POD F" ON, OR ABOUT Jan. 17th, 2005, UNTIL Jan. 26th 2005 AT WHICH TIME I WAS FORCED TO SHOWER, EACH TIME, WITH HANDCUFFS ON, AS WAS ALL OTHER INMATES, AT THAT TIME.

FURTHERMORE, AFTER SERVING MY ISOLATION TIME ON "POD F," I WAS THEN MOVED, ON, OR ABOUT Jan. 27th 2005, TO "POD G" WHICH IS THE "ADMINISTRATIVE UNIT" WHERE I WAS ALSO FORCED TO SHOWER FROM, ON, OR ABOUT, Jan. 27th 2005, TO FEBRUARY 28th 2005 WITH HANDCUFFS ON.

I AM WILLING TO TESTIFY TO ALL OF THE ABOVE FACTS.

DATED: APRIL/19th/2005

SIGNED: Dennis M. Lougee Jr.
D.O.B. 11/6/72
6000 SHERIFF'S PLACE
BARNE, MA 02532
Dennis Lougee Jr.

C. FILE

EXHIBIT C-4

## AFFIDAVIT

I, Matthew Reilly 9/11/71 (DOB), BARNSTABLE SHERIFF'S OFFICE # 5294, DO HEREBY SWEAR, UNDER THE PAINS AND PENALTIES OF PERJURY, THAT WHILE INCARCERATED AT BARNSTABLE HOUSE OF CORRECTION FROM 3/2/04 TO present I WAS PLACED INTO THE SEGREGATION UNIT (POD F) ON 2/18/05 UNTIL 3/10/05 AT WHICH TIME I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I am willing to TESTIFY TO THESE FACTS.

Matthew Reilly
D.O.B. 9/11/71
6000 Sheriff's Place
Barn, MA
02532

DATE: 4/4/05

c.file

EXHIBIT C-5

## AFFIDAVIT

I, John F Little, BARNSTABLE SHERIFFS' OFFICE # 0647832, DO HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY THAT while INCARCERATED AT BARNSTABLE COUNTY HOUSE OF CORRECTION FROM Nov. 22, 2004 TO July 16, 2005, I WAS PLACED INTO THE SEGREGATION UNIT (POD F) ON 1·26·05 UNTIL 2·2·05, AT WHICH TIME I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I AM willing TO TESTIFY TO THESE FACTS.

John F Little

John F. Little
6000 SHERIFFS Place
Bourne, MA 02532

DATE: 2·8·05

C. FILE

EXHIBIT
C-6

## AFFIDAVIT

I, Michael Angelo Figlioli Jr, BARNSTABLE SHERIFFS OFFICE # 0647829 DO HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY, THAT WHILE INCARCERATED AT BARNSTABLE HOUSE OF CORRECTION, FROM Nov, 21, 04 TO Present Feb 05, I WAS PLACED INTO THE SEGREGATION UNIT (POD F) ON Nov 04 UNTIL Dec 04, AT WHICH TIME I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I AM WILLING TO TESTIFY TO THESE FACTS.

DATE: 2/1/05

Michael A Figlioli Jr
MICHAEL ANGELO FIGLIOLI
6000 SHERIFFS PLACE
BOURNE, MA
02532

C. File

EXHIBIT C-7

# AFFIDAVIT

I, Christopher Nee BARNSTABLE SHERIFFS' OFFICE # 0006403 DO HEREBY SWEAR, UNDER THE PAINS AND PENALTIES OF PERJURY, that while incarcerated at BARNSTABLE COUNTY HOUSE OF CORRECTION, FROM April, 2004 TO June, 2005, I WAS PLACED INTO THE SEGREGATION UNIT (POD F) ON JANUARY 11, 2005, UNTIL JANUARY 21, 2005, AT WHICH TIME I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I AM WILLING TO TESTIFY TO THESE FACTS.

DATE: February 3, 2005

Christopher Nee
CHRISTOPHER NEE
6000 Sheriff's Place
BARNS, MA 02532

C. File

EXHIBIT C-8

## AFFIDAVIT

I, Samuel J Hackett III, BARNSTABLE Sheriff's Office # MSA 0014606, DO HEREBY SWEAR, UNDER THE PAINS AND PENALTIES OF PERJURY, THAT WHILE INCARCERATED AT THE BARNSTABLE House of Correction FROM September 20, 2004 TO March 21, 2005 I WAS PLACED INTO THE SEGREGATION UNIT (POD F) SEVERAL TIMES, BEGINNING ON, OR ABOUT October 23, 04, UNTIL ON, OR ABOUT March 24, AT which times I HAD SPENT APPROXIMATELY 52 DAYS IN SUCH UNIT. DURING ALL SHOWER PERIODS, I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I AM willing TO TESTIFY TO THESE FACTS.

Samuel J. Hackett III
6000 Sheriffs Place
Barre, MA 02534

DATE March 26, 2005

C. File

EXHIBIT C-9

# AFFIDAVIT

I, James Riley (#C) _____ BARNSTABLE SHERIFFS' OFFICE # 0005633 _____ DO HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY, THAT WHILE INCARCERATED AT BARNSTABLE HOUSE OF CORRECTION, FROM Feb-2003 TO Feb-2005 _____, I WAS PLACED INTO THE SEGREGATION UNIT (POD F) ON NOV-21-04 UNTIL Dec-12-04 _____, AT WHICH TIME I WAS FORCED TO SHOWER WITH HANDCUFFS ON. I am willing to TESTIFY TO THESE FACTS.

DATE: 2-1-05

*James Riley*
JAMES RILEY
6000 SHERIFF'S Place
Barns, MA
02532

C. File