United States District Court
For District of Massachusetts

Civil Action
No. 05-CV-10642

Steven Dearborn PRO SE.
   Plaintiff,

V.

Commissioner of Corrections,
Barnstable County Commissioners et al.
   Defendants.

## Motion for Preliminary Injunction Temporary Restraining Order

Now comes the Plaintiff in the above-entitled matter and humbly moves this Court to grant a Temporary Restraining Order pursuant to F.R.cv.P. Rule 65(b)(1)(2)(d) and 28 USCS § 2284(3) ordering the Defendants in this action to discontinue defendants policy of showering Plaintiff (and other inmates) while in handcuff restraints until this matter has been decided by the court or jury.

### Affidavit of Support

1) Plaintiff is currently confined at Barnstable H.O.C.

2) Based on the evidence submitted, and with the admission of defendants policy of showering inmates while handcuffed, Plaintiff states that a temporary restraining order is necessary to avoid injuries which may incur and that irreparable damage will result if such order is not granted.

3) In National Prisoners Reform Association v. Sharkey, the court states; "In order to prevail on it's merits; Motion, rather, the Plaintiff must show (1) immediate and irreparable injury. (2) Probability of success on merits and (3) harm to movant which outweighs harm to opposing party and to public" (1972, DC RI) 347 F. Supp 1234.

4) In response to the aforementioned (par. 3), Plaintiff states, from experience, that, immediately, upon showering with handcuffs on, pain is inflicted in the wrists while trying to reach and wash certain body parts.

5) Plaintiff states that there is limited means to prevent or support oneself if slip or fall incurs while standing on soap and watered down, shower floor. Free movement is necessary in both par. 4, 5. (herein)

6) Plaintiff states that the probability of pain (in par. 4) is 100 percent and there is great danger of irreparable damage if order is not granted.

7) Plaintiff states that being placed into a shower stall to shower, is (while handcuffed) degrading, humiliating, and inhumane. This barbarous treatment by defendants severely impairs ones mental and emotional stability while being subjected to such punishment.

8) The harm to Plaintiff greatly outweighs harm to any opposing party (and to other inmates). Plaintiff states that it is very likely that no reasonable or normal person could or should be expected to endure such punishment without mental and physical pain and suffering.

Therefore, Plaintiff prays that this court will grant a temporary restraining order ordering the defendants and Barnstable County officials at the House of Correction to refrain from practicing policy of showering inmates/Plaintiff while handcuffed until further notice by this court.

This prayer for temporary restraining order is addressed to equitable judgment of the court and resolution of question is founded on consideration of irreparable injury to movant and probability of success of Plaintiff. (See Gerber v. Seamons) (1971, SD NY) 332 F. Supp 1187.

C. File       Dated: May 18, 2005

Steven Dearborn
Steven Dearborn pro se