UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN DEARBORN,                         No. 05-cv-10642-WGY

        Plaintiff,

        v.

BARNSTABLE COUNTY COMMISSIONERS, et al.,

        Defendants.

MEMORANDUM OF LAW IN SUPPORT OF
KATHLEEN DENNEHY'S CROSS-MOTION FOR SUMMARY JUDGMENT

        Defendant Kathleen Dennehy ("Dennehy") submits this memorandum

of law in support of her cross-motion for summary judgment.

INTRODUCTION

        The plaintiff, Steven Dearborn ("Dearborn"), is a prisoner

confined at the Barnstable County House of Correction ("BCHOC") in

Bourne, Massachusetts. (Complaint, ¶ 1) Dennehy is the commissioner

of the Massachusetts Department of Correction ("DOC").[1] Dearborn

claims that, from November 15, 2004 until December 15, 2004, while

confined at the BCHOC, he was made to wear handcuffs when taking a

shower. He seeks damages from all defendants. (Complaint, ¶ 20)

        Dearborn filed a motion for summary judgment on May 23, 2005.

(P#7) For the reasons that follow, Dearborn's motion should be

denied as to Dennehy, and all claims against her should be

dismissed because Dearborn fails to state a viable cause of action

against her.

---

[1] The other defendants named in the complaint are the Barnstable County
Commissioners; James Cummings, the Sheriff of Barnstable County; and Michael
Regan, the Superintendent of the BCHOC.

2

## STATEMENT OF FACTS

The following facts are alleged in the complaint and are assumed to be true solely for purposes of this motion:

At all times alleged in the complaint, Dearborn was an inmate confined at the BCHOC, a facility operated by the Barnstable County Sheriff's Office. (Complaint, ¶ 1) On November 15, 2004, Dearborn began serving thirty (30) days in the segregation unit for unspecified disciplinary infractions. (Complaint, ¶ 6) For the next thirty days, he was allowed to shower five days per week, Monday to Friday, during his one-hour recreation period. (Complaint, ¶ 7) Each time Dearborn showered, from November 15, 2004 through December 15, 2004, his hands remained cuffed behind his back. (Complaint, ¶ 9)

Dearborn filed an administrative grievance with BCHOC officials regarding this practice. (Complaint, ¶ 10) The grievance was denied by "Major P. Lucas" on November 19, 2004. (Complaint, ¶ 11) Dearborn appealed to Michael Regan, the superintendent of the BCHOC. Id. On November 22, 2004, "Bonavita," a deputy superintendent, "verbally" denied the appeal. (Complaint, ¶ 12)

Dearborn asserts that he suffered "emotional distress, pain and suffering, and mental anguish and embarrassment." (Complaint, ¶ 15) He claims that the defendants violated his rights under the Eighth Amendment to the United States Constitution, art. 27 of the Massachusetts Declaration of Rights, and state regulations. (Complaint, ¶¶ 16-17)

3

<u>ARGUMENT</u>

Summary judgment may be entered if the pleadings and other materials show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). In order to overcome a motion for summary judgment, the non-moving party must come forward with "specific, provable facts which establish that there is a triable issue." <u>Febus-Rodriguez v. Betancourt-Lebron</u>, 14 F.3d 87, 91 (1st Cir. 1994). For a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *See* <u>United States v. One Parcel of Real Property</u>, 960 F.2d 200, 204 (1st Cir. 1992).

Although he does not specify in his complaint, Dearborn appears to bring his claim under 42 U.S.C. § 1983. Such a claim has two essential elements: (1) the challenged conduct must be attributable to a person acting under color of state law, and (2) the conduct must have denied the plaintiff of a right secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061 (1st Cir. 1997). It is undisputed that Dennehy was, during the relevant time, acting under color of law as the state commissioner of correction. However, Dearborn's claim fails to meet the second element, which requires proof "that the defendant's conduct was a cause in fact of the alleged deprivation." <u>Soto</u>, 103 F.3d at 1062.

4

Even assuming that the practice of requiring Dearborn to shower while wearing handcuffs violated the Eighth Amendment protection against cruel and unusual punishment, Dearborn's pleadings fail to state a claim against Dennehy. He alleges that BCHOC officials imposed this condition on him. Dennehy is responsible only if she was "deliberately indifferent" to Dearborn's plight. *See* Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324 (1991); Cortes-Quinones v. Jiminez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988), *cert. denied*, 488 U.S. 823.

If a prison official knowingly disregards a substantial risk of harm to an inmate, she may be "deliberately indifferent" and thus liable for the resulting harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994)(deliberate indifference to assault by another prisoner). "(T)he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. Deliberate indifference is similar to criminal recklessness. Id. at 1978-79; DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991).

Dearborn does not contend that Dennehy knew that he was being forced to shower in handcuffs during the period of time in question. Dearborn states that Deputy Superintendent "Bonavita" denied his grievance appeal and, "at that point, plaintiff had exhausted all administrative remedies." (Complaint, ¶¶ 12-13) He does not allege that he further appealed to Dennehy or that the grievance process would even have allowed such an appeal to her.

5

Moreover, pursuant to state statutes, the Barnstable County Sheriff -not the commissioner of correction - has day-to-day oversight and control of the BCHOC. Massachusetts law establishes a dual system of state and county correctional systems. Under Mass. G.L. c. 124, § 1(a), the state corrections commissioner has administrative authority only over the state correctional facilities listed in Mass. G.L. c. 125, § 1(n). County correctional facilities, such as the BCHOC, are subject to county control. Mass. G.L. c. 125, § 1(f). Under this statutory scheme, jails and houses of correction (other than in Suffolk County) fall under the control of the county sheriffs. Mass. G.L. c. 126, § 16. Dennehy, as the commissioner of correction, has no custody or control over inmates such as the plaintiff who are confined at the BCHOC.

The case cited by Dearborn in his motion for summary judgment is inapposite. That case, Inmates of Suffolk County Jail v. Eisenstadt, 494 F.2d 1196 (1st Cir. 1974), *cert. denied sub. nom.*, Hall v. Inmates of Suffolk County Jail, 419 U.S. 977, held that the state corrections commissioner was a proper party to jail reform litigation. In that class action, county inmates sought equitable relief from overcrowded conditions at the old Charles Street Jail. The First Circuit stated, 494 F.2d at 1199:

> Given both the practicalities of the situation and his statutory role, the Commissioner may not disavow any responsibility for conditions at the Jail or from reasonable measures to bring them up to constitutional standards. The question is not one of his personal fault; an official may be enjoined without proof of fault.

6

Unlike the prisoners in <u>Inmates of Suffolk County Jail</u>, Dearborn claims that Dennehy should be adjudged personally at fault and ordered to pay damages for violating his rights. That theory is not supported by the cited case or the later case of <u>Dimarzo v. Cahill</u>, 575 F.2d 15 (1st Cir. 1978), *cert. denied*, 439 U.S. 927, a jail reform case involving the Essex County House of Correction. In <u>Dimarzo</u>, the commissioner had constructive knowledge of prison-wide conditions which he was statutorily obliged to inspect and remedy. However, the Court noted:

> We are not confronted with sporadic incidents, over which the Commissioner might properly claim to have no knowledge or control. Rather, we are dealing with the pervasive failure of responsible authorities to maintain Essex in conformity with constitutional requisites.

575 F.2d at 17-18.

Here it is undisputed that Denneny was not aware of Dearborn's grievance regarding the BCHOC. Without evidence that Dennehy had this knowledge, or that she was personally involved in or had some causal link to the alleged violation of Dearborn's constitutional rights, the complaint against her must be dismissed. <u>Voutour v. Vitale</u>, 761 F.2d 812, 819-820 (1st Cir. 1985), *cert. denied sub. nom.*, <u>Town of Saugus v. Voutour</u>, 474 U.S. 1100 (1986); <u>Smith v. Maloney</u>, 735 F.Supp. 39, 42 (D. Mass. 1990)(complaint dismissed as to prison officials where there was "absolutely no causal nexus" between their conduct and the acts of which plaintiff complained).

7

CONCLUSION

For the reasons stated above, summary judgment should be entered in favor of Dennehy, and the claim against her should be dismissed.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: June 6, 2005            __/s/ DAVID J. RENTSCH_____
                              David J. Rentsch, Counsel
                              Legal Division
                              Department of Correction
                              70 Franklin Street, Suite 600
                              Boston, MA  02110-1300
                              (617) 727-3300, ext. 142
                              BBO #544926

CERTIFICATE OF SERVICE

I, David J. Rentsch, certify that on this day I mailed a copy of the foregoing motion and memorandum to the following persons by first class mail, postage pre-paid:

&&Steven Dearborn, pro se, Barnstable County House of Correction, 6000 Sheriff's Place, Bourne, MA  02532; and,

&&Robert S. Troy, Esq., 90 Route 6A, Sandwich, MA 02563.

Date: June 6, 2005            __/s/ DAVID J. RENTSCH_____
                              David J. Rentsch