UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

|  |  |
|---|---|
| STEVEN DEARBORN, pro se, | ) |
| Plaintiff | ) |
|  | ) |
| vs. | ) |
|  | ) |
| COMMISSIONER OF | ) |
| CORRECTIONS, BARNSTABLE | ) |
| COUNTY COMMISSIONERS, | ) |
| BARNSTABLE COUNTY SHERIFF | ) |
| AND BARNSTABLE COUNTY | ) |
| HOUSE OF CORRECTIONS | ) |
| SUPERINTENDENT, | ) |
| Defendants | ) |

### DEFENDANTS, BARNSTABLE COUNTY COMMISSIONERS, BARNSTABLE COUNTY SHERIFF, AND BARNSTABLE COUNTY HOUSE OF CORRECTIONS SUPERINTENDENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND BARNSTABLE COUNTY DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Barnstable County Commissioners,

Barnstable County Sheriff, and Barnstable County House of Corrections

Superintendent, and moves this Honorable Court, pursuant to Rule 56 of

the Federal Rules of Civil Procedure, to deny the Plaintiff's Motion for

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— —
TEL. (508) 888-5700

Summary Judgment and to grant Summary Judgment in favor of the Barnstable County Defendants.

## I.    **INTRODUCTION**

The Plaintiff, Steven Dearborn, (hereinafter "Dearborn") is an inmate at Barnstable County Correctional Facility (hereinafter "Correctional Facility"). Dearborn filed this action claiming that his Eight Amendment rights were violated, that his rights under the Massachusetts State Constitution were violated, and that he suffered emotional distress. This action was originally filed in Suffolk Superior Court and was removed to this Honorable Court.

While an inmate at the Correctional Facility Dearborn was placed in the Disciplinary Isolation Unit, due to a major disciplinary incident, culminating with his attempts to bite and punch staff members . Dearborn was housed in this disciplinary unit for thirty (30) days. During that time Dearborn was required to shower while wearing handcuffs due to security concerns. All inmates in the Disciplinary Isolation Unit are required to at least wear handcuffs whenever they leave their cells.

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
——
TEL. (508) 888-5700

2

## II.    **FACTS**

Dearborn has been an inmate at Barnstable County Correctional Facility since October 12, 2004. (Exhibit 1). Dearborn was transferred to the Barnstable County Correctional Facility from the Suffolk County Sheriff's Office due to numerous disciplinary issues including assaults on staff and assaults on inmates. (Exhibit 1).

On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in a major disciplinary incident, culminating with his attempts to bite and punch staff members. (Exhibit 1). A "Move Team" was required to move Dearborn from his cell to the Administrative Segregation Unit. Id. It was necessary to place Dearborn in a restraint chair after the move, due to his behavior. Id. Subsequently, a disciplinary board ordered Dearborn to serve a thirty (30) day sanction in the Disciplinary Isolation Unit. Id. This is the longest sentence allowed by law, absent extraordinary circumstances. Id.

From November 15, 2005 to December 15, 2005, Dearborn was housed in the Disciplinary Isolation Unit. (Exhibit 1). Inmates may only leave their cells in the Disciplinary Isolation Unit, if at a minimum, they are wearing handcuffs. Id. While an inmate in that unit, Dearborn was

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— — .
TEL. (508) 888-5700

3

required to wear handcuffs while showering for security reasons. Id. The shower did not lock and it was considered a security risk to have inmates in a disciplinary unit shower without handcuffs. Id. Dearborn never suffered a physical injury as a result of wearing handcuffs in the shower, nor does he allege to have suffered one. (Exhibit 1 and Complaint).

## III.  ARGUMENT

### A.   DEARBORN DID NOT FACE A SUBSTANTIAL RISK OF HARM NOR DID PRISON OFFICIALS DISREGARD A SUBSTANTIAL RISK OF HARM IN REQUIRING DEARBORN TO SHOWER WHILE WEARING HANDCUFFS AND THEREFORE DEARBORN'S EIGHTH AMENDMENT RIGHTS HAVE NOT BEEN VIOLATED.

A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if the prison official knows that the inmates face a substantial risk of serious harm and the prison official acted with deliberate indifference to inmate health and safety. *See* Farmer V. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993); Penrod v. Zavaras, 94 F.3d 1399, 1405-1406 (10th Cir. 1996). Furthermore, an Eighth Amendment

LAW OFFICES
ROBERT S. TROY
XTANT HILL OFFICE PARK
30 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— —
TEL. (508) 888-5700

violation exists only when the alleged deprivation is objectively,
sufficiently serious and the prison official acts with deliberate
indifference to inmate health or safety.  Id.

> A prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of
> confinement unless the official knows of and disregards an
> excessive risk to inmate health or safety…
> Farmer v. Brennan, 511 U.S. 825, 837, 128 L.Ed. 2d 811,
> 114 S. Ct. 1970 (1994).

For security reasons, Dearborn, an inmate with a history of
assaulting staff and inmates,  was required to shower while wearing
handcuffs for thirty (30) days while an inmate in the Disciplinary
Isolation Unit at the Correctional Facility.  (Exhibit 1).  Due to security
concerns, all inmates in the Disciplinary Isolation Unit are required to
wear handcuffs whenever they leave their cells, including  when
showering in the unlocked shower. (Exhibit 1).

The requirement that Dearborn shower in handcuffs while housed
in the Disciplinary Isolation Unit is not cruel and unusual punishment.
Dearborn did not face a substantial risk of harm, and in fact suffered no
harm.  Furthermore, the prison official did not act with deliberate
indifference to inmate health and safety, nor does Dearborn allege that
the prison official acted with such deliberate indifference.

LAW OFFICES
ROBERT S. TROY
XTANT HILL OFFICE PARK
0 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— — -
TEL. (508) 888-5700

5

The federal courts have repeatedly held that requiring an inmate to shower while wearing handcuffs is not a violation of the inmate's Eighth Amendment Rights. *See e.g.*, Branham v. Meachum, 77 F.3d 626, 631 (2d Cir. 1996) (forcing inmate to wear leg irons and handcuffs while showering does not violate the Eighth Amendment.); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (no Eight Amendment violation where prisoners were required to shower in handcuffs and leg shackles); Risdal v. Martin, 810 F.Supp. 1049 (S.D. Iowa 1993) (forcibly showering inmate in restraints not a violation of Eight Amendment); Lyons v. Nelson, 1995 U.S. Dist. LEXIS 9630 (D.Kan.1995) (plaintiff's complaint that it is dehumanizing to be taken to showers in handcuffs does not involve the wanton and unnecessary infliction of pain and is therefore not a violation of the plaintiff's Eighth Amendment rights).

Dearborn did not face a substantial risk of harm, nor did prison officials disregard a substantial risk of harm in requiring Dearborn, an inmate with a history of assaulting staff and inmates, to shower in handcuffs while an inmate housed in a disciplinary isolation unit. Therefore, Dearborn cannot establish a claim for a violation of his Eighth Amendment rights.

LAW OFFICES
ROBERT S. TROY
PLEASANT HILL OFFICE PARK
0 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— —
TEL. (508) 888-5700

**B.   DEARBORN CANNOT ESTABLISH A CLAIM UNDER ARTICLE 26 OF THE MASSACHUSETTS DECLARATION OF RIGHTS.**

The pertinent language of the Eight Amendment of the U.S. Constitution and Article 26 of the Massachusetts Declaration of Rights mirror one another.  *See* <u>Torres v. Commissioner of Correction</u>, 427 Mass. 611, 614, 695 N.E.2d 200, 203 (1998). The Eighth Amendment to the United States Constitution states that "Excessive bail shall not be required, nor cruel and unusual punishment inflicted."  Article 26 of the Massachusetts Declaration of Rights provides that "No magistrate or court of law, shall demand excessive bail or sureties, impose excessive fines, or inflict cruel or unusual punishment."

An inmate seeking relief under Article 26 of the Massachusetts Declaration of Rights must establish the existence of both:

> A condition or situation 'which poses a substantial risk of serious harm' *and* facts establishing that a prison official 'has knowledge of the situation and ignores it.'
> <u>Torres v. Commissioner of Correction</u>, 427 Mass. 611, 616, 695 N.E.2d 200, 204 (1998) quoting <u>Good v. Commissioner of Correction</u>, 417 Mass. 329, 336, 629 N.E.2d 1321 (1994).

The test for relief under Article 26 of the Massachusetts Declaration of Rights mirrors the test for relief under the Eighth Amendment to the U.S. Constitution. *See Section B, supra. See also*, <u>Libby v. Commissioner of Correction</u>, 385 Mass. 421, 432 N.E.2d 486

LAW OFFICES
ROBERT S. TROY
FANT HILL OFFICE PARK
OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— — —
EL. (508) 888-5700

(1982); Torres v. Commissioner of Correction, 427 Mass. 611, 695 N.E.2d 200, (1998). Accordingly, as Dearborn cannot establish that this Eighth Amendment rights were violated, he cannot establish that his rights under Article 26 of the Massachusetts Declaration of Rights were violated. *See Section A, supra.* Accordingly, Dearborn's Motion for summary Judgment must be dismissed and Summary Judgment should be entered in favor of the Barnstable County Defendants.

## C.    DEARBORN CANNOT ESTABLISH HIS CLAIMS FOR EMOTIONAL DISTRESS.

In his Complaint, Dearborn alleges that he suffered emotional distress. It appears that his claim is for negligent infliction of emotional distress as he uses the language that the defendants "knew or should have known, that their actions would cause such distress." Complaint ¶15.

In order to establish a claim of negligent infliction of emotional distress, Dearborn is required to show that he suffered actual physical harm. Payton v. Abbot Labs, 386 Mass. 540, 555-556, 437 N.E.2d 171, 180 (1982). Dearborn has not alleged that he suffered any actual physical harm, nor are prison officials aware of any physical harm suffered by Dearborn. (Exhibit 1). *See also,* Complaint and Dearborn's Motion for Summary Judgment.

LAW OFFICES
ROBERT S. TROY
ANT HILL OFFICE PARK
OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
L. (508) 888-5700

Furthermore, any claim for emotional distress is barred by the

Prison Litigation Reform Act and must be dismissed.   42 U.S.C.A. §

1997e(e).

> No Federal civil action may be brought by a prisoner
> confined in jail, prison, or other correctional facility, for
> mental or emotional injury suffered while in custody without
> a prior showing of physical injury.
> Id.

Dearborn cannot establish that he suffered any physical injury as a

result of being required to shower in handcuffs and therefore, his claims

for emotional damages must be dismissed and Summary Judgment

entered for the Barnstable County defendants.


### D.    DEARBORN'S TORT CLAIMS ARE BARRED BY THE EXCEPTIONS TO LIABILITY SET FORTH IN M.G.L. CHAPTER 258 § 10.

Section 10 of Chapter 258 codifies the exceptions to the abrogation

of sovereign immunity.  Section 10(b) bars claims based upon:

> The exercise or performance or the failure to exercise or perform
> a discretionary function or duty on the part of a public employer
> or public employee, acting within the scope of his office or
> employment, whether or not the discretion or not is abused.

LAW OFFICES
ROBERT S. TROY
ANT HILL OFFICE PARK
OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— — —
L. (508) 888-5700

9

The "discretionary function" exception to liability applies when the government actor at issue has "any discretion to do or not do what the plaintiff claims caused him harm" and if such discretionary conduct is "characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning." Barnett v. City of Lynn, 433 Mass. 662 (2001); *citing* Patrazza v. Commonwealth, 398 Mass. 464, 467 (1986); quoting Whitney v. Worcester, 373 Mass. 208, 218 (1977).

The Barnstable County Defendants' decisions regarding security measures necessary to maintain order in a correctional facility involve "planning" and "policy." As a result, claims arising from such decisions are barred by the "discretionary function" exemption to liability. Dearborn's claims fall squarely within this category: Dearborn claims that the Barnstable County Defendants' requirement that a prisoner in the Disciplinary Isolation Unit shower while wearing handcuffs caused him emotional distress. Decisions regarding the maintenance of security at a correctional facility are discretionary. Since Dearborn's claims stem from a discretionary function, the claims are barred. Accordingly, Dearborn's claims for emotional distress are barred by M.G.L. c 258, § 10(b).

LAW OFFICES
ROBERT S. TROY
ANT HILL OFFICE PARK
OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— — —
L. (508) 888-5700

### E.    DEARBORN CANNOT ESTABLISH THAT HE WAS RETALIATED AGAINST.

In his complaint, Dearborn seems to suggest that he was retaliated against in seeking administrative redress. Complaint ¶17. However, Dearborn filed a grievance which was properly addressed by the Correctional Facility. (Exhibit 2). Furthermore, Dearborn does not make any specific allegations as to how he was allegedly retaliated against. *See* Complaint and Dearborn's Motion for Summary Judgment. Furthermore, Dearborn has not returned to the Disciplinary Isolation Unit and has remained a member of the general population since December 16, 2004. (Exhibit 1). Accordingly, Dearborn has not suffered retaliation for filing a grievance or for filing this action.

## IV.    CONCLUSION

Dearborn did not face a substantial risk of harm, nor did prison officials disregard a substantial risk of harm in requiring Dearborn, an inmate with a history of assaulting staff and inmates, to shower in handcuffs while an inmate housed in a disciplinary isolation unit. Therefore, Dearborn cannot establish a claim for a violation of his Eighth Amendment rights or his rights under Article 26 of the Massachusetts Declaration of Rights. Additionally, Dearborn was not injured while

LAW OFFICES
OBERT S. TROY
NT HILL OFFICE PARK
ILD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
- —
_ (508) 888-5700

showering in handcuffs, nor does he allege the same. Therefore,

Dearborn cannot establish a claim for emotional distress.

WHERETOFORE the Barnstable County Defendants respectfully

request that Dearborn's Motion for Summary Judgment be denied and

that Summary Judgment be entered in favor of the Barnstable County

Defendants.

Respectfully submitted,
For the Barnstable County Defendants,
By their Attorney,

Robert S. Troy
90 Route 6A
Sandwich, MA  02563
(508) 888-5700
BBO#503160

DATED: June _3_, 2005

LAW OFFICES
OBERT S. TROY
ANT HILL OFFICE PARK
ILD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
- -
. (508) 888-5700

**EXHIBIT NO. 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

STEVEN DEARBORN, pro se,          )
            Plaintiff             )
                                  )
Vs.                               )
                                  )
COMMISSIONER OF                   )
CORRECTIONS, BARNSTABLE           )
COUNTY COMMISSIONERS,             )
BARNSTABLE COUNTY SHERIFF )
AND BARNSTABLE COUNTY             )
HOUSE OF CORRECTIONS              )
SUPERINTENDENT,                   )
            Defendants            )

## **AFFIDAVIT OF PETER M. MONTEIRO**

I, Peter M. Monteiro, under oath, and upon my personal

knowledge, do hereby depose and say as follows:

1.    I have been employed by the Barnstable County Sheriff's

      Department since May of 1993.

2.    I have presently achieved the rank of Lieutenant.

3.   I became Unit Team Manager of House 2 in March of 2004.

4.   House 2 includes the Disciplinary Isolation Unit for the Barnstable County Correctional Facility.

5.   I am familiar with the policies, procedures and duties of a Sheriff's Officer in maintaining security at the Barnstable County Correctional Facility.

6.   Steven Dearborn (hereinafter "Dearborn") became an inmate at the Barnstable County Correctional Facility on October 12, 2004.

7.   Steven Dearborn had been transferred to Barnstable County Correctional Facility from the Suffolk County Sheriff's Office.

8.   Dearborn was transferred due to numerous disciplinary issues including assaults on the staff and assaults on inmates.

9.   On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in a major

disciplinary incident, culminating with Dearborn's attempts to bite and punch staff members.

10.   A "Move Team" was required to move him from his cell to the Administrative Segregation Unit.

11.   Disciplinary Reports written by the "Move Team" indicate that Dearborn attempted to bite and punch members of the "Move Team."

12.   It was necessary to place Dearborn in a restraint chair after the move, due to his behavior.

13.   A disciplinary board ordered that Dearborn serve a thirty (30) day sanction in the Disciplinary Isolation Unit. This is the longest sentence allowed by law, absent extraordinary circumstances.

14.   Inmates may only leave their cells in the Disciplinary Isolation Unit, if at a minimum, they are wearing handcuffs.

3

15.   From November 15, 2004 through December 15, 2004, Dearborn
      was housed in Pod F, the Disciplinary Isolation Unit at the
      Barnstable County Correctional Facility.

16.   During that time, the shower door in the Disciplinary Isolation
      Unit did not have a lock.

17.   As the shower door did not lock, the only way to maintain safety
      and security while inmates housed in the Disciplinary Isolation
      Unit showered was to require these inmates to wear handcuffs
      while showering.

18.   On December 16, 2004, Dearborn was returned to the general
      population of the Correctional Facility.

19.   While a member of the general population at the Barnstable
      County Correctional Facility, Dearborn has never been required to
      wear handcuffs while showering.

20. Dearborn has not been required to shower while wearing handcuffs since December 15, 2004.

21. The shower door in the disciplinary unit was fitted with a lock in March of 2005.

22. No inmate at the Barnstable County Correctional Facility has been required to shower with handcuffs since the lock was placed on the shower door in the Disciplinary Isolation Unit.

23. Dearborn has never reported that he was injured while showering at the Barnstable County Correctional Facility.

24. No Barnstable County Sheriff's Department employee has ever reported that Dearborn was injured while showering at the Barnstable County Correctional Facility.

SIGNED UNDER THE PAINS AND PENALTIES THIS /9 DAY OF JUNE, 2005.

_th. Peter M. Monteiro_
Peter M. Monteiro



Ellen A. Tripp
Notary Public

ELLEN ANN TRIPP
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 17, 2010

EXHIBIT NO. 2

# BARNSTABLE COUNTY SHERIFF'S OFFICE / CORRECTIONAL FACILITY
## INMATE GRIEVANCE FORM

*Instructions for completion: (1) Print or write legibly; provide all requested information; sign and date this form. (2) Each form will contain only one grievance. (3) A grievance will not be filed by a group or on behalf of a group of inmates. (4) Forward this form to your Unit Officer/Corrections Officer, who will forward it to the Facility Shift Supervisor if not resolved. (5) All grievances must be submitted within (10) ten working days of the incident.*

## INMATE SECTION

NAME: Steven Dearborn     MSA#: 0014676  UNIT: F   ROOM#: 5

UNIT OFFICER: Flanagon     DATE OF OCCURRENCE/INCIDENT: 11/15/04

BRIEF STATEMENT OF FACTS: I'm entitled by law to have unlimited access to courts and public officials. Presently my rights are being violated. I'm being denied "due process" by being limited to the times I'm allowed to write and correspond with private and public persons on the outside. My legal work was taken from me. I'm not allowed to purchase stamps, envelopes and paper and writing utensils while I sometimes which is against the law of the Commonwealth of Massachusetts and Federal la

REMEDY REQUESTED: I need my information copied from Mr. Asenor - [illegible] Bank. I need to have my legal work returned to me and I need to purchase the allowed stationery and writing materials and cosmetics and I should not be prosecuted while trying to show: 8th Amendment. Article 27, Violations.

HAVE YOU TALKED WITH YOUR UNIT OFFICER?  (YES)  NO

HAVE YOU TALKED WITH ANYONE ELSE?    YES  NO

IF YES, WITH WHOM?      WHEN? Custody Teary

RESULTS: They tell me that there only following the rules that they were told to enforce. I'm supposed to be allowed stationery products and legal supplies to correspond. I'm currently involved in civil suit process and this institution is preventing me from meeting deadlines by limiting my accessibility to the Suffolk Superior Court. I need to acquire legal materials to write and file motions unlimited.

INMATE SIGNATURE: [signature]    DATE: 11/17/04

## UNIT MANAGER / FACILITY SHIFT SUPERVISOR SECTION

[X] FORM REJECTED -- Returned to Inmate for the following reason(s): You are allowed things simply requested you are writing. I will speak with you about this matter today !!  11/18/04

UNIT MANAGER / SUPERVISOR NAME: Lt. Peter M. Montieri

Please Read back page 6

MAR. 8. 2005

## GRIEVANCE REVIEW FORM.....

11/19/04

INMATE STEVEN DEARBORN MSA#0014676

RESPONSE FROM: ADS.P.LUCAS UNIT MANAGER LT.P.M.MONTEIRO

1) PEN, PAPER AND ENVELOPES WILL BE SUPPLIED TO YOU FROM THE UNIT OFFICER FOR LEGAL AND GENERAL CORESPONDENCE.
2) LAW LIBRARY ACCESS WILL BE GRANTED DURING YOUR (1) HR RECREATION PERIOD AND ONLY AT THIS TIME.
3) YOU WILL REMAIN HANDCUFFED DURING YOUR SHOWER AS PER OUR POLICY ANDYOU WILL BE PLACED IN LEG RESTRAINTS WHEN YOU ARE OUT OF YOUR CELL.
4) YOU MAY ORDER CANTEEN WHEN AND IF YOU SERVE YOUR D/ISO TIME AND YOU ARE SEEN BY CLASSIFICATION AND MOVED TO THE AD-SEG UNIT (POD-G).
5) YOUR RIGHTS HAVE NOT BEEN VIOLATED IN ANY WAY SHAPE OR FORM DURING YOUR INCARCERATION AT THE (BCCF). YOUR BEHAVIOR HAS PUT YOU IN A POSITION THAT LIMITS YOU FROM OBTAINING WHAT YOU NEED TO GET DONE WITH YOUR LEGAL MATTERS.
6) PER OUR PLOICY YOUR GRIEVANCE HAS BEEN LOGGED AND FILED AND YOU HAVE RECEIVED A COPY OF OUR RESPONSE, AS I AM SURE YOU KNOW YOU MAY APPEAL MY DICESION TO THE DEPUTY SUPERINTENDANT.

7)