UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

STEVEN DEARBORN, pro se,    )
       Plaintiff    )
           )
vs.    )
           )
COMMISSIONER OF    )
CORRECTIONS, BARNSTABLE    )
COUNTY COMMISSIONERS,    )
BARNSTABLE COUNTY SHERIFF )
AND BARNSTABLE COUNTY    )
HOUSE OF CORRECTIONS    )
SUPERINTENDENT,    )
       Defendants    )

## DEFENDANTS, BARNSTABLE COUNTY COMMISSIONERS, BARNSTABLE COUNTY SHERIFF, AND BARNSTABLE COUNTY HOUSE OF CORRECTIONS SUPERINTENDENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Now come the Defendants, Barnstable County Commissioners, Barnstable County Sheriff, and the Barnstable County House of Corrections Superintendent, (hereinafter "Barnstable County Defendants") and oppose the Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order.

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

I.  **INTRODUCTION**

The Plaintiff, Steven Dearborn, (hereinafter "Dearborn") is an inmate at Barnstable County Correctional Facility (hereinafter "Correctional Facility"). While an inmate at the Correctional Facility, Dearborn was placed in the Disciplinary Isolation Unit after a major disciplinary incident culminating in his attempts to bite and punch staff members. Dearborn was housed in this disciplinary unit for thirty (30) days. During that time Dearborn was required to shower while wearing handcuffs due to security concerns. All inmates in the Disciplinary Isolation Unit are required to wear handcuffs whenever they leave their cells.

Dearborn is presently housed in the general population of the Correctional Facility and is no longer required to shower while wearing handcuffs. Furthermore, the shower door in the disciplinary unit has been fitted with a lock, so that inmates who use that shower are no longer required to wear handcuffs. Accordingly, Dearborn's Motion seeking injunctive relief is moot. Furthermore, Dearborn cannot establish a likelihood of success on the merits; show a potential for irreparable harm; show that the harm to him outweighs any hardship that would be inflicted upon the Defendants; or demonstrate that the public interest would not be

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

adversely effected in granting him injunctive relief. Accordingly, Dearborn's Motion for a Preliminary Injunction and Temporary Restraining Order must be denied.

## II. FACTS

Dearborn has been an inmate at Barnstable County Correctional Facility since October 12, 2004. (Exhibit 1). Dearborn was transferred to the Barnstable County Correctional Facility from the Suffolk County Sheriff's Office due to numerous disciplinary issues including assaults on staff and assaults on inmates. (Exhibit 1).

On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in an assault on a staff member. (Exhibit 1). A "Move Team" was required to move Dearborn from his cell to the Administrative Segregation Unit. Id. It was necessary to place Dearborn in a restraint chair after the move due to his behavior. Id. A disciplinary board ordered Dearborn to serve a thirty (30) day sanction in the Disciplinary Isolation Unit. Id. This is the longest sentence allowed by law, absent extraordinary circumstances. Id.

From November 15, 2004 to December 15, 2004, Dearborn was housed in the disciplinary unit. (Exhibit 1). The minimum standards

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

allowing inmates to leave their cells in the Disciplinary Isolation Unit require handcuffs. Id. While an inmate in that unit, Dearborn was required to wear handcuffs while showering for security reasons. (Exhibit 1). The shower did not lock and it was considered a security risk to have inmates in a disciplinary unit shower without handcuffs. (Exhibit 1). Dearborn never suffered a physical injury as a result of wearing handcuffs in the shower, nor does he allege to have suffered a physical injury. (Exhibit 1 and Complaint).

On or about December 16, 2004, Dearborn was returned to the general population of the Correctional Facility. (Exhibit 1). The general population is not required to wear handcuffs to shower. Id. Furthermore, the shower stall in the disciplinary unit was equipped with a lock in March of 2005. Id. No inmates at the Correctional Facility have been required to wear handcuffs while showering since that time. Id.

### III. ARGUMENT

    **A.** **DEARBORN'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER IS MOOT AS IS NO LONGER REQUIRED TO SHOWER WHILE WEARING HANDCUFFS.**

LAW OFFICES
ROBERT S. TROY
XTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

For security reasons, Dearborn was required to shower while wearing handcuffs for thirty (30) days while an inmate in the Disciplinary Isolation Unit at the Correctional Facility. (Exhibit 1). Dearborn had a history of assaulting both staff and inmates and had been sentenced to serve thirty days in the Disciplinary Isolation Unit due to a major disciplinary incident culminating with his attempts to bite and punch staff members. Id.

Dearborn has not been required to shower in handcuffs since December 16, 2004, when he was returned to the general population at the Correctional Facility. (Exhibit 1). Inmates in the general population are not required to wear handcuffs while showering. Id. As of March of 2005, when a lock was placed on the shower door in the Disciplinary Isolation Unit, no inmate at the Correctional Facility has been required to shower while wearing handcuffs, as the lock alleviates security concerns. Id.

Dearborn's Motion Seeking Injunctive Relief is now moot, as the alleged threat to him no longer exists and there is no reasonable expectation that it will occur.

> Generally, a case becomes moot if 'it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and interim relief or events have

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

completely and irrevocably eradicated the effects of the alleged violation."
Mendez-Soto v. Rodriguez, 334 F.Supp.2d 62 (2004), quoting Los Angeles County v. Davis, 440 U.S. 625, 631 (1979).

There is no reasonable expectation that Dearborn will be handcuffed in the shower again while an inmate at the Correctional Facility as the shower door in the Disciplinary Isolation Unit has been fitted with a lock. Id. Since the lock was placed on the shower, no inmate at the Correctional Facility has been required to shower while wearing handcuffs. Id. The alleged wrongful behavior is not reasonably expected to occur and therefore Dearborn's Motion seeking Injunctive Relief is moot and should not be granted. Mendez-Soto v. Rodriguez, 334 F.Supp.2d 62 (D. Puerto Rico 2004).

    **B.**     **DEARBORN CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS; SHOW THAT THERE IS THE POTENTIAL FOR IRREPARABLE HARM; SHOW THAT THE HARM OUTWEIGHS ANY HARDSHIP THAT WOULD BE INFLICTED ON THE DEFENDANT; AND DEMONSTRATE THAT PUBLIC INTEREST WILL NOT BE ADVERSELY EFFFECTED BY AN INJUNCTIVE ORDER.**

In order to obtain a temporary restraining order or a preliminary injunction:

LAW OFFICES
ROBERT S. TROY
XTANT HILL OFFICE PARK
30 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
TEL. (508) 888-5700

[t]he plaintiff has the burden of satisfying four factors: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunctive relief is not granted; (3) the harm outweighs any hardship that would be inflicted on the defendant or defendants by an injunctive order; and (4) public interest will not be adversely affected by the injunctive order.
The Rarities Group, Inc. v. Karp, 98 F. Supp.2d 96 (D. Mass. 2000).

Dearborn is not able to satisfy the requirements for the issuance of a temporary restraining order or a preliminary injunction and therefore his Motion for a Preliminary Injunction and Temporary Restraining Order must be denied.

1. **DEARBORN CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS AND HIS MOTION FOR INJUNCTIVE RELIEF MUST BE DENIED.**

In order to establish claims under the Eight Amendment or under Article 26 of the Massachusetts Declaration of Rights, Dearborn must establish that he faced a substantial risk of serious harm and that the prison official acted with deliberate indifference to inmate health and safety. See Farmer V. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993); Penrod v. Zavaras, 94 F.3d 1399, 1405-1406 (10th Cir. 1996). Torres v. Commissioner of

LAW OFFICES
ROBERT S. TROY
EXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

7

Correction, 427 Mass. 611, 616, 695 N.E.2d 204, 203 (1998). Dearborn did not face a substantial risk of harm, nor did prison officials disregard a substantial risk of harm in requiring Dearborn, an inmate with a history of assaulting staff and inmates, to shower in handcuffs while housed in a disciplinary isolation unit for thirty days.

The federal courts have repeatedly held that requiring an inmate to shower while wearing handcuffs is not a violation of the inmate's Eighth Amendment Rights. *See e.g.,* Branham v. Meachum, 77 F.3d 626, 631 (2d Cir. 1996) (forcing inmate to wear leg irons and handcuffs while showering does not violate the Eighth Amendment.); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (no Eight Amendment violation where prisoners were required to shower in handcuffs and leg shackles); Risdal v. Martin, 810 F.Supp. 1049 (S.D. Iowa 1993) (forcibly showering inmate in restraints not a violation of Eight Amendment); Lyons v. Nelson, 1995 U.S. Dist. LEXIS 9630 (D.Kan.1995) (plaintiff's complaint that it is dehumanizing to be taken to showers in handcuffs does not involve the wanton and unnecessary infliction of pain and is therefore not a violation of the plaintiff's Eighth Amendment rights).

Dearborn did not face a substantial risk of harm, nor did prison officials disregard a substantial risk of harm in requiring him, as an

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

inmate with a history of assaulting staff and inmates, to shower in handcuffs while an inmate housed in a disciplinary isolation unit. Therefore, Dearborn cannot establish a claim for a violation of his Eighth Amendment rights or his rights under Article 26 of the Massachusetts Declaration of Rights. *See also* Barnstable County's Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Barnstable County Defendants' Cross-Motion for Summary Judgment.

Dearborn also makes a claim for emotional distress. However, Dearborn was not injured while showering in handcuffs nor does he allege such a claim. This is a requirement for a claim of negligent infliction of emotional distress, or for any emotional distress claim pursuant to the Prison Litigation Reform Act. 42 U.S.C.A. § 1997e(e). Therefore, Dearborn cannot establish a claim for emotional distress. *See also* Barnstable County's Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Barnstable County Defendants' Cross-Motion for Summary Judgment.

Dearborn cannot establish a likelihood of success on the merits of any of his claims and therefore his motion seeking injunctive relief must be denied.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

2. **DEARBORN CANNOT ESTABLISH THAT THERE IS A POTENTIAL OF IRREPARABLE HARM IF INJUNCTIVE RELIEF IS NOT GRANTED.**

Dearborn was never injured while taking a shower in handcuffs. (Exhibit 1). Additionally, the Disciplinary Isolation Unit shower was equipped with a lock in March of 2005 and inmates no longer are required to shower in it while wearing handcuffs. Dearborn has no risk of harm from showering in handcuffs in the Correctional Facility. Id. However, even if Dearborn were required to shower in handcuffs, the risk to the Defendants of allowing an inmate with a history of violence towards staff and inmates to shower without handcuffs in an unlocked shower is a far greater risk than the risk of slippery floors to a handcuffed inmate with a history of assaulting staff members and inmates. Accordingly, Dearborn cannot show that he suffers a risk of irreparable harm if injunctive relief is not granted and his Motion Seeking Injunctive Relief must be denied.

3. **DEARBORN CANNOT ESTABLISH THAT ANY HARM TO HIM OUTWEIGHS ANY HARDSHIP THAT WOULD BE INFLICTED UPON THE COUNTY BY AN INJUNCTIVE ORDER.**

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

10

The risk to the Barnstable County Defendants in not being able to handcuff an inmate with a history of assaulting staff members and inmates, while taking a shower in an unlocked shower stall in a Disciplinary Isolation Unit far outweighs the risk to Dearborn of slippery shower floors. That Dearborn finds showering in handcuffs difficult is the price he must pay for his violent actions towards staff members and inmates. The alleged harm to Dearborn does not outweigh the harm to the Barnstable County Defendants if they are not allowed to take appropriate security measures in dealing with violent inmates and therefore, Dearborn's Motion Seeking Injunctive Relief must be denied.

### 4. THE PUBLIC INTEREST WILL BE ADVERSELY AFFECTED BY GRANTING INJUNCTIVE RELIEF.

Prison officials must be allowed to restrain inmates who pose a threat of violence to staff and inmates. Public interest is gravely affected when prison officials are not allowed to take necessary security measures against inmates with a history of violence, such as handcuffing a prisoner with a history of violence when he takes a shower in an unlocked shower stall. The public has a far greater interest in the security of its prisons than any concerns of Dearborn's in being required to shower in handcuffs. Accordingly, Dearborn's Motion Seeking Injunctive Relief

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

must be denied as to grant said motion would greatly inhibit the prison officials' ability to maintain security at the correctional facility, putting the public at great risk.

## IV. CONCLUSION

Dearborn's Motion Seeking Injunctive Relief is moot as the Correctional Facility has placed a lock on the shower door in the Disciplinary Isolation Unit and therefore inmates no longer are required to shower while wearing handcuffs. Furthermore, Dearborn cannot establish a likelihood of success on the merits; show a potential for irreparable harm; show that the harm outweighs any hardship that would be inflicted upon the Defendants; or demonstrate that public interest would not be greatly affected in granting him injunctive relief. Accordingly, Dearborn's Motion for a Preliminary Injunction and Temporary Restraining Order must be denied.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
—  —
TEL. (508) 888-5700

                                        Respectfully submitted,
                                        For the Defendants,
                                        By their Attorney,

                                        _____
                                        Robert S. Troy
                                        90 Route 6A
                                        Sandwich, MA 02563
                                        (508) 888-5700
                                        BBO#503160

DATED: June __3__, 2005

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
——
TEL. (508) 888-5700

## CERTIFICATE OF SERVICE

I, Robert S. Troy, do hereby certify that this day I served a true copy of the within Defendants, Barnstable County Commissioners, Barnstable County Sheriff, and Barnstable County House of Corrections Superintendent's Opposition to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order; and by mailing same, first class mail, postage prepaid to:

Mr. Steven Dearborn, pro se
#14676 K-POD #12
600 Sheriff's Place
Bourne, MA 02532

David J. Rentsch, Esq.
The Commonwealth of Massachusetts
Executive Office of Public Safety
Department of Correction Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300

_____
Robert S. Troy

Dated: June 3, 2005

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

p:\docs\bar\dearborn\certificate of service 060305.doc