UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

STEVEN DEARBORN, pro se,            )
        Plaintiff                )
                                    )
vs.                                 )
                                    )
COMMISSIONER OF                     )
CORRECTIONS, BARNSTABLE             )
COUNTY COMMISSIONERS,               )
BARNSTABLE COUNTY SHERIFF           )
AND BARNSTABLE COUNTY               )
HOUSE OF CORRECTIONS                )
SUPERINTENDENT,                     )
        Defendants               )

## DEFENDANTS, BARNSTABLE COUNTY COMMISSIONERS, BARNSTABLE COUNTY SHERIFF, AND BARNSTABLE COUNTY HOUSE OF CORRECTIONS SUPERINTENDENT'S MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Barnstable County Commissioners, Barnstable County Sheriff, and Barnstable County House of Corrections Superintendent, and moves this Honorable Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant Summary Judgment in favor of the Barnstable County Defendants.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

I. **INTRODUCTION**

The Plaintiff, Steven Dearborn, (hereinafter "Dearborn") is an inmate at Barnstable County Correctional Facility (hereinafter "Correctional Facility"). Dearborn filed this action claiming that his Eighth Amendment rights were violated, that his rights under the Massachusetts State Constitution were violated, and that he suffered emotional distress. This action was originally filed in Suffolk Superior Court and was removed to this Honorable Court.

While an inmate at the Correctional Facility Dearborn was placed in the Disciplinary Isolation Unit, due to a major disciplinary incident, culminating with his attempts to bite and punch staff members. Dearborn was housed in this disciplinary unit for thirty (30) days. During that time Dearborn was required to shower while wearing handcuffs due to security concerns. All inmates in the Disciplinary Isolation Unit are required to at least wear handcuffs whenever they leave their cells.

II. **FACTS**

Dearborn has been an inmate at Barnstable County Correctional Facility since October 12, 2004. (Exhibit 1). Dearborn was transferred to the Barnstable County Correctional Facility from the Suffolk County

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888 5700

2

Sheriff's Office due to numerous disciplinary issues including assaults on staff and assaults on inmates. (Exhibit 1).

On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in a major disciplinary incident, culminating with his attempts to bite and punch staff members. (Exhibit 1). A "Move Team" was required to move Dearborn from his cell to the Administrative Segregation Unit. Id. It was necessary to place Dearborn in a restraint chair after the move, due to his behavior. Id. Subsequently, a disciplinary board ordered Dearborn to serve a thirty (30) day sanction in the Disciplinary Isolation Unit. Id. This is the longest sentence allowed by law, absent extraordinary circumstances. Id.

From November 15, 2004 to December 15, 2004, Dearborn was housed in the Disciplinary Isolation Unit. (Exhibit 1). Inmates may only leave their cells in the Disciplinary Isolation Unit, if at a minimum, they are wearing handcuffs. Id. While an inmate in that unit, Dearborn was required to wear handcuffs while showering for security reasons. Id. The shower did not lock and it was considered a security risk to have inmates in a disciplinary unit shower without handcuffs. Id. Dearborn never suffered a physical injury as a result of wearing handcuffs in the

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

3

shower, nor does he allege to have suffered one. (Exhibit 1 and Complaint).

## III. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Summary Judgment shall be granted when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422, 456 N.E.2d 1123, 1125 (1983); Community National Bank v. Dawes, 369 Mass. 550, 340 N.E.2d 877 (1976); Mass. R. Civ. P. 56 (c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17, 532 N.E.2d 1211, 1213 (1989). Where the moving party does not have the burden of proof at trial, as in the present case, the burden on the motion may be met by either: 1) submitting affirmative evidence that negates an essential element of the opponent's case; or 2) "by demonstrating that proof of the element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 575 N.E.2d 1107, 1110 (1991); Kourouvacilis v. General Motors Corp., 410

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

4

Mass. 706, 716, 575 N.E.2d 734, 740 (1991). In other words, a moving party meets his burden by showing that the opposing party has no reasonable expectation of proving an essential element of his case. "To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party's claim." Kourouvacilis, supra, at 716, 575 N.E.2d 740.

Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra, at 17, 532 N.E.2d 1211, 1213. See also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). (If a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial, Rule 56 mandates the entry of summary judgment.") The non-moving party cannot fend off Summary Judgment unless it can demonstrate that every essential element of its claim or defense is at least trialworthy. Price v. General Motors Corp., 931 F.2d 162, 164 (C.A. Mass. 1991).

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

5

**B. DEARBORN DID NOT FACE A SUBSTANTIAL RISK OF HARM NOR DID PRISON OFFICIALS DISREGARD A SUBSTANTIAL RISK OF HARM IN REQUIRING DEARBORN TO SHOWER WHILE WEARING HANDCUFFS AND THEREFORE DEARBORN'S EIGHTH AMENDMENT RIGHTS HAVE NOT BEEN VIOLATED.**

A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if the prison official knows that the inmates face a substantial risk of serious harm and the prison official acted with deliberate indifference to inmate health and safety. *See* Farmer V. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993); Penrod v. Zavaras, 94 F.3d 1399, 1405-1406 (10th Cir. 1996). Furthermore, an Eighth Amendment violation exists only when the alleged deprivation is objectively, sufficiently serious and the prison official acts with deliberate indifference to inmate health or safety. Id.

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety…
> Farmer v. Brennan, 511 U.S. 825, 837, 128 L.Ed. 2d 811, 114 S. Ct. 1970 (1994).

For security reasons, Dearborn, an inmate with a history of assaulting staff and inmates, was required to shower while wearing

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

handcuffs for thirty (30) days while an inmate in the Disciplinary Isolation Unit at the Correctional Facility. (Exhibit 1). Due to security concerns, all inmates in the Disciplinary Isolation Unit are required to wear handcuffs whenever they leave their cells, including when showering in the unlocked shower. (Exhibit 1).

The requirement that Dearborn shower in handcuffs while housed in the Disciplinary Isolation Unit is not cruel and unusual punishment. Dearborn did not face a substantial risk of harm, and in fact suffered no harm. Furthermore, the prison official did not act with deliberate indifference to inmate health and safety, nor does Dearborn allege that the prison official acted with such deliberate indifference.

The federal courts have repeatedly held that requiring an inmate to shower while wearing handcuffs is not a violation of the inmate's Eighth Amendment Rights. *See e.g.,* Branham v. Meachum, 77 F.3d 626, 631 (2d Cir. 1996) (forcing inmate to wear leg irons and handcuffs while showering does not violate the Eighth Amendment.); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (no Eighth Amendment violation where prisoners were required to shower in handcuffs and leg shackles); Risdal v. Martin, 810 F.Supp. 1049 (S.D. Iowa 1993) (forcibly showering inmate in restraints not a violation of Eighth Amendment); Lyons v.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— —
TEL. (508) 888-5700

Nelson, 1995 U.S. Dist. LEXIS 9630 (D.Kan.1995) (plaintiff's complaint that it is dehumanizing to be taken to showers in handcuffs does not involve the wanton and unnecessary infliction of pain and is therefore not a violation of the plaintiff's Eighth Amendment rights).

Dearborn did not face a substantial risk of harm, nor did prison officials disregard a substantial risk of harm in requiring Dearborn, an inmate with a history of assaulting staff and inmates, to shower in handcuffs in unlocked shower stall while an inmate housed in a disciplinary isolation unit. Therefore, Dearborn cannot establish a claim for a violation of his Eighth Amendment rights.

### C. DEARBORN CANNOT ESTABLISH A CLAIM UNDER ARTICLE 26 OF THE MASSACHUSETTS DECLARATION OF RIGHTS.

The pertinent language of the Eighth Amendment of the U.S. Constitution and Article 26 of the Massachusetts Declaration of Rights mirror one another. *See* Torres v. Commissioner of Correction, 427 Mass. 611, 614, 695 N.E.2d 200, 203 (1998). The Eighth Amendment to the United States Constitution states that "Excessive bail shall not be required, nor cruel and unusual punishment inflicted." Article 26 of the Massachusetts Declaration of Rights provides that "No magistrate or

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
—   -
TEL. (508) 888-5700

court of law, shall demand excessive bail or sureties, impose excessive fines, or inflict cruel or unusual punishment."

An inmate seeking relief under Article 26 of the Massachusetts Declaration of Rights must establish the existence of both:

> A condition or situation 'which poses a substantial risk of serious harm' *and* facts establishing that a prison official 'has knowledge of the situation and ignores it.' Torres v. Commissioner of Correction, 427 Mass. 611, 616, 695 N.E.2d 200, 204 (1998) quoting Good v. Commissioner of Correction, 417 Mass. 329, 336, 629 N.E.2d 1321 (1994).

The test for relief under Article 26 of the Massachusetts Declaration of Rights mirrors the test for relief under the Eighth Amendment to the U.S. Constitution. *See Section B, supra. See also*, Libby v. Commissioner of Correction, 385 Mass. 421, 432 N.E.2d 486 (1982); Torres v. Commissioner of Correction, 427 Mass. 611, 695 N.E.2d 200, (1998). Accordingly, as Dearborn cannot establish that his Eighth Amendment rights were violated, he cannot establish that his rights under Article 26 of the Massachusetts Declaration of Rights were violated. *See Section B, supra.* Accordingly, Summary Judgment must be entered in favor of the Barnstable County Defendants.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

### D. DEARBORN CANNOT ESTABLISH HIS CLAIMS FOR EMOTIONAL DISTRESS.

In his Complaint, Dearborn alleges that he suffered emotional distress. It appears that his claim is for negligent infliction of emotional distress as he uses the language that the defendants "knew or should have known, that their actions would cause such distress." Complaint ¶15.

In order to establish a claim of negligent infliction of emotional distress, Dearborn is required to show that he suffered actual physical harm. Payton v. Abbot Labs, 386 Mass. 540, 555-556, 437 N.E.2d 171, 180 (1982). Dearborn has not alleged that he suffered any actual physical harm, nor are prison officials aware of any physical harm suffered by Dearborn. (Exhibit 1). *See also,* Complaint and Dearborn's Motion for Summary Judgment.

Furthermore, any claim for emotional distress is barred by the Prison Litigation Reform Act and must be dismissed. 42 U.S.C.A. § 1997e(e).

> No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.
> Id.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

Dearborn cannot establish that he suffered any physical injury as a result of being required to shower in handcuffs and therefore, Summary Judgment must be entered for the Barnstable County defendants.

### E. DEARBORN'S TORT CLAIMS ARE BARRED BY THE EXCEPTIONS TO LIABILITY SET FORTH IN M.G.L. CHAPTER 258 § 10.

Section 10 of Chapter 258 codifies the exceptions to the abrogation of sovereign immunity. Section 10(b) bars claims based upon:

> The exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion or not is abused.

The "discretionary function" exception to liability applies when the government actor at issue has "any discretion to do or not do what the plaintiff claims caused him harm" and if such discretionary conduct is "characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning." Barnett v. City of Lynn, 433 Mass. 662 (2001); *citing*

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

Patrazza v. Commonwealth, 398 Mass. 464, 467 (1986); quoting Whitney v. Worcester, 373 Mass. 208, 218 (1977).

The Barnstable County Defendants' decisions regarding security measures necessary to maintain order in a correctional facility involve "planning" and "policy." As a result, claims arising from such decisions are barred by the "discretionary function" exemption to liability. Dearborn's claims fall squarely within this category: Dearborn claims that the Barnstable County Defendants' requirement that a prisoner in the Disciplinary Isolation Unit shower while wearing handcuffs caused him emotional distress. Decisions regarding the maintenance of security at a correctional facility are discretionary. Since Dearborn's claims stem from a discretionary function, the claims are barred. Accordingly, Dearborn's claims for emotional distress are barred by M.G.L. c 258, § 10(b).

### F. DEARBORN CANNOT ESTABLISH THAT HE WAS RETALIATED AGAINST.

In his Complaint, Dearborn seems to suggest that he was retaliated against in seeking administrative redress. Complaint ¶17. However, Dearborn filed a grievance which was properly addressed by the Correctional Facility. (Exhibit 2). Furthermore, Dearborn does not make

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
— —
TEL. (508) 888 5700

any specific allegations as to how he was allegedly retaliated against. *See* Complaint and Dearborn's Motion for Summary Judgment. Furthermore, Dearborn has not returned to the Disciplinary Isolation Unit and has remained a member of the general population since December 16, 2004. (Exhibit 1). Accordingly, Dearborn has not suffered retaliation for filing a grievance or for filing this action.

## IV. CONCLUSION

Dearborn did not face a substantial risk of harm, nor did prison officials disregard a substantial risk of harm in requiring Dearborn, an inmate with a history of assaulting staff and inmates, to shower in handcuffs in an unlocked shower stall while an inmate housed in a disciplinary isolation unit. Therefore, Dearborn cannot establish a claim for a violation of his Eighth Amendment rights or his rights under Article 26 of the Massachusetts Declaration of Rights. Additionally, Dearborn was not injured while showering in handcuffs, nor does he allege the same. Therefore, Dearborn cannot establish a claim for emotional distress.

WHERETOFORE the Barnstable County Defendants respectfully request that Summary Judgment be entered in favor of the Barnstable County Defendants.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866
TEL. (508) 888-5700

Respectfully submitted,
For the Barnstable County Defendants,
By their Attorney,

*[signature]*

Robert S. Troy
90 Route 6A
Sandwich, MA  02563
(508) 888-5700
BBO#503160

DATED: June 21, 2005

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888 5700