UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

| | |
|---|---|
| STEVEN DEARBORN, pro se, <br> Plaintiff <br> <br> vs. <br> <br> COMMISSIONER OF <br> CORRECTIONS, BARNSTABLE <br> COUNTY COMMISSIONERS, <br> BARNSTABLE COUNTY SHERIFF <br> AND BARNSTABLE COUNTY <br> HOUSE OF CORRECTIONS <br> SUPERINTENDENT, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS, BARNSTABLE COUNTY COMMISSIONERS, BARNSTABLE COUNTY SHERIFF, AND BARNSTABLE COUNTY HOUSE OF CORRECTIONS SUPERINTENDENT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, the Defendants, Barnstable County Commissioners, Barnstable County Sheriff's Department, and Barnstable County House of Corrections ("Barnstable County Defendants") submit the following statement of facts contending there are no genuine issues to be tried.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

1. Dearborn has been an inmate at Barnstable County Correctional Facility since October 12, 2004. (Exhibit 1).

2. Dearborn was transferred to the Barnstable County Correctional Facility from the Suffolk County Sheriff's Office due to numerous disciplinary issues including assaults on staff and assaults on inmates. (Exhibit 1).

3. On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in a major disciplinary incident culminating with his attempts to bite and punch staff members. (Exhibit 1).

4. A "Move Team" was required to move Dearborn from his cell to the Administrative Segregation Unit. Id.

5. It was necessary to place Dearborn in a restraint chair after the move, due to his behavior. Id.

6. A disciplinary board ordered Dearborn to serve a thirty (30) day sanction in the Disciplinary Isolation Unit. Id. This is the longest sentence allowed by law, absent extraordinary circumstances. Id.

7. From November 15, 2004 to December 15, 2004, Dearborn was housed in the disciplinary unit. (Exhibit 1).

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888 5700

8. Inmates may only leave their cells in the Disciplinary Isolation Unit, if at a minimum, they are wearing handcuffs. Id.

9. While an inmate in that unit, Dearborn was required to wear handcuffs while showering for security reasons. Id.

10. The shower did not lock and it was considered a security risk to have inmates in a disciplinary unit shower without handcuffs. Id.

11. Dearborn never suffered a physical injury as a result of wearing handcuffs in the shower, nor does he allege to have suffered one. (Exhibit 1 and Complaint).

Respectfully submitted,

For the Barnstable County Defendants,
By their Attorney,

/s/ Robert S. Troy

Robert S. Troy
90 Route 6A
Sandwich, MA 02563
(508) 888-5700
BBO#503160

DATED: June 21, 2005

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

EXHIBIT NO. 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

| | |
|---|---|
| STEVEN DEARBORN, pro se,<br>    Plaintiff | )<br>)<br>) |
| Vs. | )<br>) |
| COMMISSIONER OF<br>CORRECTIONS, BARNSTABLE<br>COUNTY COMMISSIONERS,<br>BARNSTABLE COUNTY SHERIFF<br>AND BARNSTABLE COUNTY<br>HOUSE OF CORRECTIONS<br>SUPERINTENDENT,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF PETER M. MONTEIRO

I, Peter M. Monteiro, under oath, and upon my personal knowledge, do hereby depose and say as follows:

1. I have been employed by the Barnstable County Sheriff's Department since May of 1993.

2. I have presently achieved the rank of Lieutenant.

3. I became Unit Team Manager of House 2 in March of 2004.

4. House 2 includes the Disciplinary Isolation Unit for the Barnstable County Correctional Facility.

5. I am familiar with the policies, procedures and duties of a Sheriff's Officer in maintaining security at the Barnstable County Correctional Facility.

6. Steven Dearborn (hereinafter "Dearborn") became an inmate at the Barnstable County Correctional Facility on October 12, 2004.

7. Steven Dearborn had been transferred to Barnstable County Correctional Facility from the Suffolk County Sheriff's Office.

8. Dearborn was transferred due to numerous disciplinary issues including assaults on the staff and assaults on inmates.

9. On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in a major

disciplinary incident, culminating with Dearborn's attempts to bite and punch staff members.

10. A "Move Team" was required to move him from his cell to the Administrative Segregation Unit.

11. Disciplinary Reports written by the "Move Team" indicate that Dearborn attempted to bite and punch members of the "Move Team."

12. It was necessary to place Dearborn in a restraint chair after the move, due to his behavior.

13. A disciplinary board ordered that Dearborn serve a thirty (30) day sanction in the Disciplinary Isolation Unit. This is the longest sentence allowed by law, absent extraordinary circumstances.

14. Inmates may only leave their cells in the Disciplinary Isolation Unit, if at a minimum, they are wearing handcuffs.

15. From November 15, 2004 through December 15, 2004, Dearborn was housed in Pod F, the Disciplinary Isolation Unit at the Barnstable County Correctional Facility.

16. During that time, the shower door in the Disciplinary Isolation Unit did not have a lock.

17. As the shower door did not lock, the only way to maintain safety and security while inmates housed in the Disciplinary Isolation Unit showered was to require these inmates to wear handcuffs while showering.

18. On December 16, 2004, Dearborn was returned to the general population of the Correctional Facility.

19. While a member of the general population at the Barnstable County Correctional Facility, Dearborn has never been required to wear handcuffs while showering.

20. Dearborn has not been required to shower while wearing handcuffs since December 15, 2004.

21. The shower door in the disciplinary unit was fitted with a lock in March of 2005.

22. No inmate at the Barnstable County Correctional Facility has been required to shower with handcuffs since the lock was placed on the shower door in the Disciplinary Isolation Unit.

23. Dearborn has never reported that he was injured while showering at the Barnstable County Correctional Facility.

24. No Barnstable County Sheriff's Department employee has ever reported that Dearborn was injured while showering at the Barnstable County Correctional Facility.

SIGNED UNDER THE PAINS AND PENALTIES THIS 14th DAY OF JUNE, 2005.

Peter M. Monteiro

Ellen Ann Tripp
NOTARY PUBLIC

ELLEN ANN TRIPP
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 17, 2010

5

# EXHIBIT

# 2

"EXHIBIT A" (BACK SIDE ALSO)

# BARNSTABLE COUNTY SHERIFF'S OFFICE / CORRECTIONAL FACILITY
## INMATE GRIEVANCE FORM

*Instructions for completion:* (1) Print or write legibly; provide all requested information; sign and date this form. (2) Each form will contain only one grievance. (3) A grievance will not be filed by a group or on behalf of a group of inmates. (4) Forward this form to your Unit Officer/Corrections Officer, who will forward it to the Facility Shift Supervisor if not resolved. (5) All grievances must be submitted within (10) ten working days of the incident.

### INMATE SECTION

NAME: Steven Dearborn   MSA#: CC19676   UNIT: F   ROOM#: 5

UNIT OFFICER: Flanagan   DATE OF OCCURRENCE/INCIDENT: 11/15/04

BRIEF STATEMENT OF FACTS: I'm entitled by law to have unlimited access to court and public officials. Presently my rights are being violated. I'm being denied "due process" by being limited to the times I'm allowed to write and correspond with private and public persons on the outside. My boxed work was taken from me. I'm not allowed to purchase stamps, envelopes and paper and writing utensils while in segregation which is against the law of the commonwealth of Massachusetts and Federal.

REMEDY REQUESTED: I need my information copied from my Rolodex-address book. I need to have my legal work returned to me and I need to purchase the allowed stationary and writing materials and cosmetics. And I should not be handcuffed while taking a shower. 8th Amendment + article 27 violations!

HAVE YOU TALKED WITH YOUR UNIT OFFICER?   (YES)   NO

HAVE YOU TALKED WITH ANYONE ELSE?   YES   NO

IF YES, WITH WHOM?                              WHEN? _____

RESULTS: They tell me that they're only following the rules that they were told to enforce. I'm supposed to be allowed stationary products and legal supplies to correspond. I'm currently involved in 1 civil due process and this institution is preventing me from meeting deadlines and limiting my accessibility to the Suffolk Supreme Court. I need to receive legal petitions to write and file motions unlimited.

INMATE SIGNATURE: _____   DATE: 11/17/04

### UNIT MANAGER / FACILITY SHIFT SUPERVISOR SECTION

[X] FORM REJECTED   Returned to Inmate for the following reason(s): You are allowed these simply requests you are writing. I will speak with you about this matter today!! 11/18/04

UNIT MANAGER / SUPERVISOR NAME: Lt. Peter M. Monteiro

Please Read back page!!

DATE RECEIVED: _____     RESOLUTION: YES , NO

IF YES, DESCRIBE: _____
_____
_____

## ASSISTANT DEPUTY SUPERINTENDENT OF JAIL OPERATIONS

Assistant Deputy Superintendent: MAJOR LUCAS

Date Received: NOV 1 4 2004   [RECEIVED stamp]   Signature: Major L

Inmate Signature: _____

( ✓ ) FORM ACCEPTED FOR REVIEW    DECISION: (APPROVE)   (DATE) DISAPPROVE

If Disapproved – explain: SEE ATTACHED COPY OF WHAT I HAVE APPROVED.

Assistant Deputy Superintendent: _____   DATE: 11/19/04  0900

## INTENT TO APPEAL

You have two (2) working days to appeal this decision in writing to the Superintendent, complete the following:   (SEE ATTACHED & RETURN ATTACHED)

"I (✓) DO  ( ) DO NOT ...  intend to appeal this decision."

Inmate Signature: _____   Date: 11/19/04

## SUPERINTENDENT / DESIGNEE DECISION

DATE RECEIVED: Monday 11/22/04    DECISION IS: ( ) AFFIRMED ( ) DENIED ( ) MODIFIED

Corrective action to be taken: Deputy Superintendent came and gave this back to me today and talked to me. He told me that the lock on the shower door is not the correct one and until they have the right one, I'll remain in handcuffs during my shower time, I will get told if even during rec time. only one he said if I challenge him, I'll get shipped out of this institution.

Superintendent / Designee: _____ (Signature)   Date _____

I found out later that all other inmates were being handcuffed too and to date 1/10/05, they still are. This has been policy here and in former jail

"EXHIBIT B"

11/19/04
*[signature] Pmm*

## GRIEVANCE REVIEW FORM.....

INMATE STEVEN DEARBORN MSA#0014676

RESPONSE FROM: ADS.P.LUCAS UNIT MANAGER LT.P.M.MONTEIRO

1) PEN, PAPER AND ENVELOPES WILL BE SUPPLIED TO YOU FROM THE UNIT OFFICER FOR LEGAL AND GENERAL CORESPONDENCE.
2) LAW LIBRARY ACCESS WILL BE GRANTED DURING YOUR (1) HR RECREATION PERIOD AND ONLY AT THIS TIME.
3) YOU WILL REMAIN HANDCUFFED DURING YOUR SHOWER AS PER OUR POLICY AND YOU WILL BE PLACED IN LEG RESTRAINTS WHEN YOU ARE OUT OF YOUR CELL.
4) YOU MAY ORDER CANTEEN WHEN AND IF YOU SERVE YOUR D/ISO TIME AND YOU ARE SEEN BY CLASSIFICATION AND MOVED TO THE AD-SEG UNIT (POD-G).
5) YOUR RIGHTS HAVE NOT BEEN VIOLATED IN ANY WAY SHAPE OR FORM DURING YOUR INCARCERATION AT THE (BCCF). YOUR BEHAVIOR HAS PUT YOU IN A POSITION THAT LIMITS YOU FROM OBTAINING WHAT YOU NEED TO GET DONE WITH YOUR LEGAL MATTERS.
6) PER OUR PLOICY YOUR GRIEVANCE HAS BEEN LOGGED AND FILED AND YOU HAVE RECEIVED A COPY OF OUR RESPONSE, AS I AM SURE YOU KNOW YOU MAY APPEAL MY DICESION TO THE DEPUTY SUPERINTENDANT.

7) *[handwritten: Return this and my 3 pages of appeal please. [signature] MSA0014676]*