# United States District Court
## District of Massachusetts

No. 05-CV-10642 WGY

Steven Dearborn Pro Se,
   Plaintiff;

   V.

Commissioner of Corrections,
 Barnstable County Commissioners,
 Barnstable County Sheriff,
 Barnstable County House of
 Corrections Superintendent,
   Defendants.

## Motion To Amend Complaint

Now comes the Plaintiff in the above-entitled matter and moves this Court pursuant with Federal Rules of Civil Procedure Rule 15 (A) and (D) to grant Plaintiff an opportunity to Amend the Complaint in this matter.

### Introduction

Plaintiff states that an amended Complaint is necessary to properly state a cause of action

(1 of 28)

AND TO STATE A CLAIM TO WHICH RELIEF MAY BE GRANTED.

ON MAY 18, 2005 PLAINTIFF FILED A MOTION FOR SUMMARY JUDGMENT PURSUANT TO _FEDERAL RULES OF CIVIL PROCEDURE (FRCvP) RULE 56_. DEFENDANTS HAVE ANSWERED THE MOTION AND HAVE FILED THEIR OWN _RULE 56_ MOTION.

IN PLAINTIFFS RULE 56 MOTION, PARAGRAPH 3, IT STATES : "THIS ACTION OF DEFENDANTS POLICY CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AS WELL AS _42 U.S.C.§.1983_ FOR DEPRIVATION OF RIGHTS AND OTHER STATE AND ADMINISTRATIVE LAW TO WHICH ENTITLES PLAINTIFF TO RELIEF."

BECAUSE PLAINTIFF LACKS THE SKILLED ABILITY TO LITIGATE PROPERLY, HE MAY NOT HAVE STATED THE PROPER CAUSE OF ACTION OR THE PROPER CLAIMS IN WHICH HE MAY BE ENTITLED TO RELIEF.

ALTHOUGH _42 U.S.C. § 1983_ WAS STATED IN PLAINTIFFS MOTION FOR SUMMARY JUDGMENT, IT WAS NOT STATED IN THE ORIGINAL COMPLAINT FILED ON JANUARY

14, 2005.

## AMENDMENTS

1)    PLAINTIFF STATES THAT HIS RIGHTS IN THIS MATTER WERE VIOLATED UNDER THE PROVISIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION FOR REASONS TO FOLLOW, INFRA. (THIS IS PLAINTIFFS FIRST PROPOSED AMENDMENT TO THIS COMPLAINT).

2)    PLAINTIFF STATES THAT HIS RIGHTS WERE VIOLATED UNDER THE PROVISIONS OF 42 U.S.C.S. § 1983 FOR REASONS TO FOLLOW, INFRA. (THIS IS THE PLAINTIFF'S SECOND PROPOSED AMENDMENT TO THIS COMPLAINT).

3)    PLAINTIFF STATES THAT HIS RIGHTS WERE VIOLATED UNDER THE PROVISIONS OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION FOR REASONS TO FOLLOW INFRA. (THIS VIOLATION HAS ALREADY BEEN STATED IN PLAINTIFFS ORIGINAL COMPLAINT). PLAINTIFF REASSERTS THAT SUCH RIGHTS UNDER EIGHTH AMENDMENT WERE VIOLATED FOR REASONS TO FOLLOW, INFRA.

4)    PLAINTIFF STATES THAT THE DEFENDANTS HAVE VIOLATED ADMINISTRATIVE laws UNDER CODE OF MASSACHUSETTS REGULATIONS (CMR's) FOR CORRECTIONS

which are promulgated and have force of law. Plaintiff states such regulations for reasons to follow, infra. (Administrative laws cited as amendments)

5)    Plaintiff seeks to have Massachusetts Declaration of Rights Article 27 omitted from complaint due to the fact that he stated both Eighth Amendment and Mass. Declaration of Rights Art. 27 which are very similar in nature and also because defendants have removed the complaint out of state court. This omitted [law] would be plaintiffs third amendment from original complaint. (If considered, an amendment "by this court").

FACTS IN SUPPORT OF PLAINTIFFS MOTION TO AMEND COMPLAINT AND SUPPLEMENTAL PLEADINGS IN SUPPORT OF CLAIMS

6)    Plaintiff relies on the courts decision in BRANHAM V. MEACHUM in which the court states the following:

"We previously have stated that sparse pleadings by a pro se litigant unfamiliar with the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action."

BRANHAM V. MEACHUM 77 F. 3d 626, 631 (2d Cir. 1996)

7) 7) PLAINTIFF REASSERTS THAT DEFENDANTS POLICY OF SHOWERING HIM WHILE HANDCUFFED, IN A SECURED SHOWER STALL, IN DEFENDANTS DISIPLINARY UNITS, PRESENTS A SUBSTANTIAL RISK OF SERIOUS INJURY AND DID CAUSE PAIN IN PLAINTIFFS WRISTS, EACH TIME, WHILE TRYING TO REACH AND WASH BODY PARTS. THEREFORE, DEFENDANTS VIOLATED PLAINTIFFS RIGHTS UNDER THE <u>EIGHTH AMENDMENT</u> AND <u>42 U.S.C.S.</u> <u>§ 1983</u> FOR CRUEL AND UNUSUAL PUNISHMENT, AND DEPRIVATION OF RIGHTS.

8) PLAINTIFF CONTENDS THAT IF SLIP AND FALL OCCURS ON SOAP-FILLED, WET ~~EITHER~~ FLOOR, PLAINTIFF WOULD SUFFER POTENTIAL, SERIOUS INJURY, IF UNABLE TO SUPPORT HIMSELF WITH OTHERWISE FREE MOVEMENT AND FULL USE OF HIS HANDS. THEREFORE, DUE TO THE SUBSTANTIAL RISK OF SERIOUS HARM, DEFENDANTS POLICY VIOLATES PLAINTIFFS RIGHTS UNDER THE <u>EIGHTH AMENDMENT</u>, AND UNDER <u>42 U.S.C.S. §</u> <u>1983</u> FOR DEPRIVATION OF RIGHTS.

9) PLAINTIFF ASSERTS THAT NOT TO BE HANDCUFFED
while SHOWERING would THEREFORE REDUCE THE
RISK OF AN INJURY; AND TO WAIT UNTIL AN
INJURY OCCURS BEFORE PLAINTIFFS Claims BECOME
VIABLE would SUGGEST DELIBERATE INDIFFERENCE
TO PLAINTIFFS HEALTH AND SAFETY which VIOLATE
PLAINTIFFS RIGHTS UNDER 42 USCS § 1983.
(SEE HELLING V. M^cKINNEY 125 L. ED 2d 22 113 S CT 2475,61
U.S.L.W 4648
JUNE 1993)

10) PLAINTIFF STATES THAT ANY NORMAL PERSON
would AGREE THAT SHOWERING while NONDCUFFED
would POSE SIGNIFICANT DIFFICULTIES MAKING
THIS HUMAN NEED Almost impossible AND THAT
PAIN IS INFLICTED IN THE WRISTS while TRYING
TO WASH ONESELF. THEREFORE, DEFENDANTS
HAVE NO CONCERN FOR THE SAFETY OF PLAINTIFF
AND ONLY FOR THEMSELVES (OR FOR WHATEVER
REASON). (DEFENDANTS ARE RESPONSIBLE FOR PLAINTIFFS
SAFETY TOO).

11) BARNSTABLE COUNTY DEFENDANTS HAVE KNOWN FOR
YEARS THAT THEIR Policy IS A BLANKET-Policy
AND THAT PLAINTIFFS COMPLAINT IS NOT ISOLATED. THEY

IGNORED THE CONCERNS OF SAFETY IN THEIR Policy OF SHOWERING INMATES IN DISIPLINERY Units while HANDCUFFED; DEFENDANTS HAVE FAILED TO TAKE THE NECESSARY STEPS TO FIND AN ALTERNATIVE TO THEIR POLICY. THEREFORE, DEFENDANTS ET AL, MUST BE HELD RESPONSIBLE FOR DELIBERATE INDIFFERENCE TO THE SAFETY OF PLAINTIFF AND SO DEPRIVED PLAINTIFF OF ONE OF life's liBERTIES TO WASH HIS BODY WITH FULL USE OF HIS HANDS, which is NECESSARY TO PERFORM SUCH HUMAN NECESSITY which NO PERSON Should be DEPRIVED OF. This Policy OF THE DEFENDANTS INASMUCH AS SUPRA, VIOLATES PLAINTIFFS RIGHTS UNDER THE <u>EIGHTH AMENDMENT</u> AND UNDER <u>42 U.S.C.S. §1983</u> FOR DEPRIVATION OF ONE OF life's liBERTIES.

12) PLAINTIFF STATES THAT BEING HANDCUFFED While SHOWERING RESTRAINS PLAINTIFF FROM PERFORMING CERTAIN FUNCTIONS AND is ALLEGED BY DEFENDANTS TO BE "SECURITY REASONS" BUT SHOWERING ONE'S BODY Should NOT BE A liBERTY WORTHY OF BEING DEPRIVED OF ESPECIALLy while <u>SECURED</u> IN A SHOWER STALL.

(7 OF 28)

13) DEFENDANTS IN THEIR WIDE RANGE OF DISCRETIONARY
POWERS, HAVE ABUSED SUCH POWER, BY CREATING
SUCH POLICY OF SHOWERING INMATES WHILE HANDCUFFED.
SUCH POLICY IS INHUMANE AND DEGRADING AS WELL
AS BARBAROUS.

14) PLAINTIFF CONTENDS THAT SHOWERING WHILE HAND-
CUFFED INFLICTS PAIN IN THE WRISTS WHILE ATTEMPTING
TO REACH AND WASH CERTAIN BODY PARTS AND
"UNNECESSARILY INFLICTS PAIN" AND INVOLVES ONE
OF "LIFE'S LIBERTIES", UNLIKE, _PHILLIPS v. NORRIS_
_(2003 CA 8 ARK) 320 F. 3d 844._

15) DEFENDANTS POLICY OF SHOWERING INMATES
WHILE HANDCUFFED IS PUNITIVE AND MAY OFFEND
CONTEMPORARY STANDARDS OF DECENCY IN AN EVOLVING
AND MATURING SOCIETY, WHICH IS THEREFORE,
UNCONSTITUTIONAL AND SO VIOLATES PLAINTIFFS RIGHTS
UNDER THE _EIGHTH AMENDMENT_ AND UNDER _42 USCS§1983._

16) ON OCTOBER 1, 2004 BARNSTABLE COUNTY DEFEN-
DANTS MOVED THE ENTIRE INMATE POPULATION
FROM THEIR OLD FACILITY LOCATED IN BARNSTABLE,

MASSACHUSETTS, TO A BRAND NEW "STATE OF THE ART" FACILITY IN BOURNE, MASSACHUSETTS.

17) ALTHOUGH PLAINTIFF WAS NOT INCARCERATED AT THE OLD FACILITY, IN BARNSTABLE, MA., INMATES NAMED IN EXHIBITS <u>C-4 AND C-7 OF PLAINTIFF'S COMPLAINT-MOTION FOR TEMPORARY RESTRAINING ORDER-AND-PRELIMINARY INJUNCTION</u>-INFORMED PLAINTIFF THAT WHILE THEY WERE IN THE OLD FACILITIES DISIPLINARY UNIT, THEY WERE REQUIRED TO SHOWER IN HANDCUFFS. (SEE EXHIBITS C-4 AND C-10)

18) INMATES IN EXHIBITS <u>C-4 AND C-7; C-10</u>, INFORMED PLAINTIFF THAT THE POLICY OF SHOWERING (ALL) INMATES IN DEFENDANTS DISIPLINARY UNITS, HAS BEEN A "BLANKET-POLICY" FOR <u>YEARS</u>, REQUIRING EVERY INMATE; WITH <u>NO</u> EXCEPTIONS, TO BE SHOWERED WHILE HANDCUFFED.

19) PLAINTIFF STATES THAT THERE WAS NEVER ANY REMEDIAL ACTION (~~EVER~~) TAKEN BY DEFENDANTS TO IMPROVE THIS ISSUE OF SHOWERING INMATES

While HANDCUFFED, AND IT WASN'T UNTIL PLAINTIFF SERVED DEFENDANTS SUMMONS' IN THIS CIVIL ACTION, DID THE DEFENDANTS, allegedly, DISCONTINUE THEIR POLICY.

20) DEFENDANTS HAVE ALLEGED THAT THE REASON FOR SHOWERING PLAINTIFF (AND ALL OTHER INMATES IN SUCH DISIPLINARY UNITS) WAS DUE TO HAVING THE "WRONG lock ON THE DOOR". PLAINTIFF EMPHATICALLY DENIES THIS. THIS POLICY has been IN PRACTICE FOR YEARS.

21) While SERVING THIRTY DAYS (30) DAYS IN DEFENDANTS ISOLATION UNITS, INMATE STEPHEN M. RAFUSE ("RAFUSE" HEREIN AFTER), # 0000982 (SEE EXHIBIT
(ATTACHED)
C-2 IN MOTION FOR Preliminary INJUNCTION) who WAS ALSO SERVING DISIPLINARY SEGREGATION TIME, AND REQUIRED TO SHOWER While handcuffed, WAS let OUT HIS CELL ON SECOND SHIFT (3:30 PM THROUGH 11:30 PM OFFICERS "SECOND SHIFT") TO CLEAN THE

THE SHOWER STALL AND TO SWEEP AND MOP THE UNIT FLOOR. OFFICERS <u>DID</u> <u>NOT</u> HANDCUFF OR LEG-RESTRAINT (SHACKLES) RAFUSE while CLEANING.

22) AFTER CLEANING THE DISIPLINARY UNIT, RAFUSE WAS THEN REQUIRED TO RETURN TO HIS CELL TO GATHER HIS SHOWER GEAR. AT THAT TIME, OFFICERS would SECURE HIS DOOR, OPEN THE TRAY SLOT, HAVE RAFUSE PUT HIS HANDS OUT TO BE HANDCUFFED. RAFUSE would THEN BE REQUIRED TO SHOWER, while HANDCUFFED, BEHIND A SUFFICIENTLY SECURED, SHOWER DOOR, MADE OF STEEL, WITH A DEAD BOLT to lock IT. (<u>FACT!</u>)

23) ON NOVEMBER 28, 2004, RAFUSE finished his SEGREGATION TIME AND WAS PLACED BACK INTO THE INMATE POPULATION.

24) ONCE RAFUSE WAS GONE, THE CORRECTIONS OFFICERS ON THE "SECOND SHIFT" BEGAN letting

(11 OF 28)

PLAINTIFF OUT OF HIS CELL TO TAKE OVER RAFUSES'
CLEANING JOB. AFTER CLEANING THE SHOWER STALL,
AND MOPPING AND SWEEPING THE FLOOR, IN THE
DISIPLINARY UNIT, PLAINTIFF WOULD RETURN TO
HIS CELL; GATHER HIS GEAR TO SHOWER WITH, AND
WOULD THEN STICK HIS HANDS THROUGH THE "FOOD SLOT"
TO BE HANDCUFFED FOR A SHOWER. (THIS MADE
ABSOLUTELY NO SENSE.)

25) THE DEFENDANTS POLICY OF SHOWERING INMATES
WHILE HANDCUFFED DOES NOT EXIST IN OTHER
COUNTY HOUSES OF CORRECTION (HOC) SUCH AS
MIDDLESEX COUNTY, ESSEX COUNTY, SUFFOLK COUNTY,
OR EVEN AT "MAXIMUM SECURITY" PRISONS SUCH
AS M.C.I. CEDAR JUNCTION (WALPOLE) AND THE
SOUZA BARANOWSKI CORRECTIONAL CENTER IN SHIRLEY,
MASS. (~~████████████████████████████~~'S

26) PLAINTIFF CONTENDS THAT NONE OF THE AFORE-
MENTIONED HOC'S, OR PRISONS, IN THEIR OWN

DISIPLINARY UNITS, REQUIRE INMATES, SOME OF THE MOST DANGEROUS, IN THE STATE OF MASSACHUSETTS, TO SHAVER WHILE HANDCUFFED.

27)    PLAINTIFF CONTENDS THAT DEFENDANTS Policy OF HANDCUFFING INMATES IN Disiplinary Units is UNNATURAL, INHUMANE, AND TOTALLY UNNECESSARY, which INFLICTS UNNECESSARY PAIN, HUMILIATION, AND IS DEGRADING. INASMUCH AS SO, VIOLATES PLAINTIFFS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL (8th AMEND) PUNISHMENT, TO which he is ENTITLED TO RELIEF. (42 USC S § 1983 DEPRIVATION OF RIGHTS AS well)

28)    DEFENDANTS Policy OF REQUIRING DISIPLINARY Unit INMATES TO BE HANDCUFFED while shavering is A VIOLATION OF PLAINTIFFS RIGHTS UNDER THE "DUE PROCESS Clause" OF THE FOURTEENTH AMENDMENT AND Plaintiff should be GRANTED RELIEF FOR SUCH. IN SUPPORT OF SUCH, Plaintiff STATES THE Following :

(13 OF 28)

(A) DEFENDANTS POLICY OF SHOWERING PLAINTIFF IN HANDCUFFS DOES NOT HAVE A "RATIONAL BASIS FOR FOR DRAWING DISTINCTIONS WITH REGARD TO THE USE OF RESTRAINTS" AND HAS BEEN A "BLANKET POLICY" [FOR YEARS]. THIELMAN V. LEEAN 282 F. 3d 478 (MARCH 4, 2002)

(B)    OTHER COUNTY FACILITIES (HOC'S) SUCH AS MIDDLESEX, ESSEX, SUFFOLK, AND STATE FACILITIES SUCH AS, M.C.I. SHIRLEY (MAXIMUM SECURITY) AND MCI CEDAR JUNCTION (WALPOLE), All HAVE RESTRAINT POLICIES which REQUIRE A PROCESS TO DETERMINE WHETHER OR NOT AN INMATE, IN DISIPLINARY SEGREGATION UNITS, IS TO COME OUT FOR HIS 1 HOUR RECREATION IN "FUll-RESTRAINT" STATUS (HANDCUFFED AND (LEG-RESTRAINTS), BEFORE SUCH REQUIREMENTS ARE MADE, ... DETERMINATIONS.

(C) M.G.L. c. 124; c. 127 AND CODE OF MASS. REGS.(CMR') TITLE 103 CMR 926.04: PROGRAM AND SERVICES FOR INMATES IN SEGREGATION, UNITS REQUIRES, AMONIST OTHER THINGS, THAT:

(14 OF 28)

"(1) WRITTEN Policy AND PROCEDURE shall REQUIRE
THAT INMATES IN SPECIAL MANAGEMENT Units ARE
PROVIDED, AT A MINIMUM, THE FOLLOWING"....
(5) ..."RECIEVE A MINIMUM OF ONE HOUR A DAY,
FIVE DAYS A WEEK, OF EXERCISE, OUTSIDE OF
THEIR CELLS, UNLESS SECURITY OR SAFETY CON—
SIDERATIONS DICTATE OTHERWISE". "WHEN WEATHER
PERMITS, THIS SHALL INCLUDE OUTSIDE EXERCISE"
REGULATORY AUTHORITY 103 926.00; M.G.L. C.
124, §§ (i), (d) AND (g); C. 127, §§ 1A AND 1B.

29) DEFENDANTS "BLANKET Policy" OF REQUIRING THAT
ALL INMATES COME OUT OF THEIR CELLS, IN FULL—
RESTRAINTS, FOR ONE HOUR OF EXERCISE, AFFORDS
NO INMATE, IN DISIPLINARY SEGREGATION), THE
PROCEDURAL CLASSIFICATION HEARING, AS SUCH,
IN OTHER COUNTY HOC's IN MASSACHUSETTS (STATED
SUPRA), BEFORE BEING PLACED ON "FULL-RESTRAINT
STATUS" (SEE THIELMAN V. LEEAN 282 F. 3d 478)
(MARCH 4, 2002).

30)   Plaintiff states that he was required to wear "Full-Restraints" each time he, or any other inmate in such units, came out of their cells. There were NO EXCEPTION)S to this rule during Plaintiffs thirty days in Disiplinary Segregation unit (Pod-F). (See EXHIBITS C-1 through C-10 in Plaintiffs Rule 65 Motion.)

31)   Because Plaintiff was required to be in Full-Restraints (Handcuffs and Leg-restraints) each time, during his one hour exercise, he was deprived of such exercise and outside exercise. No inmates were allowed out on the recreation deck ("Rec Deck") during Plaintiffs 30 days in segregation. Plaintiff was in Full-Restraints and was therefore deprived of any exercise. This violates state and federal laws supported by the EIGHTH AMENDMENT, FOURTEENTH AMENDMENT, and 42. USCS § 1983 to which Plaintiff is entitled to relief.

(16 OF 28)

32) INASMUCH AS DEPRIVING PLAINTIFFS RIGHTS TO EXERCISE, OR FRESH AIR, FOR THIRTY DAYS, DEFENDANTS HAVE DEPRIVED PLAINTIFF ONE OF life's LIBERTIES, NECESSITIES, which is OTHERWISE SUPPORTED BY <u>M.G.L. C. 124, C. 127 AND 103 CMR 926.09(5)</u> AND UNDER THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE <u>FOURTEENTH AMEND-MENT</u> AS WELL AS THE <u>EIGHTH AMENDMENT</u> FOR CRUEL AND UNUSUAL PUNISHMENT AND UNDER <u>42 U.S.C.S. § 1983</u> FOR DEPRIVATION OF RIGHTS.

33)              <u>MEMO. OF FACT</u>

<u>OF NOTE</u>: PLAINTIFF is A SUFFOLK County INMATE PRESENTLY BEING held AT BARNSTABLE County FOR ALLEGED DISIPLINARY OFFENSES. IN SUFFOLK County HOUSE OF CORRECTION (HOC) (ALL) INMATES IN DISIPLINARY SEGREGATION ARE ALLOWED ONE HOUR OF EXERCISE AND OUTSIDE ACTIVITY ON THE RECREATION DECK ("REC DECK"). INMATES HAVE AN OPTION OF SIMPLY WALKING AROUND, while EXERCISING, OR Playing BASKET BALL IF SO DESIRED. IF AN INMATE

BREAKS A RULE OR IS ALLEGED TO HAVE BROKEN A
RULE (E.G. Fights etc.); HE IS THEN RECLASSIFIED
THROUGH AN ADMINISTRATIVE PROCESS TO DETERMINE
HIS CURRENT STATUS IN Disiplinary Segregation).
WHEN A FIGHT IS ALLEGED, OR ASSAULT ON A
STAFF PERSON, THE INMATE IN QUESTION IS
usually put on "ELEVATED STATUS" which, then,
(AND ONLY UNTIL THEN) HE IS REQUIRED TO
COME OUT OF HIS CELL, usually WITH ONE OTHER
INMATE, BUT NOW REQUIRING FULL-RESTRAINTS
(HANDCUFFS AND LEG-RESTRAINTS). This is NOT
A PRACTICE OF BARNSTABLE COUNTY HOC AND
(FURTHERMORE, No INMATES ARE REQUIRED TO SHOWER
WHILE HANDCUFFED, REGARDLESS OF ANY STATUS). No
INMATE IN Disiplinary Segregation) "POD-F" is
ALLOWED TO COME OUT OF HIS CELL WITHOUT
FULL-RESTRAINTS, REGARDLESS OF HIS Disiplinary
OFFENSE, OR individual STATUS. (BLANKET Policy).
                                        MANDATORY

34)   INASMUCH AS THE AFOREMENTIONED, SUPRA,
THE DEFENDANTS Policy (MANDATORY Policy) OF

REQUIRING INMATES TO BE IN FULL-RESTRAINTS, AND ALSO IN HANDCUFFS while SHOWERING, VIOLATES THE PLAINTIFFS RIGHTS UNDER THE <u>FOURTEENTH AMENDMENTS</u> EQUAL PROTECTION CLAUSE TO BE FREE OF BODILY RESTRAINTS while out FOR HIS ONE HOUR EXERCISE, AND UNDER THE DUE PROCESS CLAUSE OF Such.

35) INASMUCH AS THE AFOREMENTIONED ISSUE, SUPRA, THE DEFENDANTS HAVE VIOLATED PLAINTIFFS RIGHTS TO <u>42 USCS § 1983</u> FOR DEPRIVATION OF RIGHTS, TO which PLAINTIFF IS ENTITLED TO RELIEF.

36) INASMUCH AS THE AFOREMENTIONED, SUPRA, THE DEFENDANTS HAVE VIOLATED PLAINTIFFS RIGHTS UNDER THE <u>EIGHTH AMENDMENT</u> FOR CRUEL AND UNUSUAL PUNISHMENT TO which PLAINTIFF IS THEN ENTITLED TO RELIEF.

<u>FOURTEENTH AMENDMENT</u>
(CONTINUED)

37) ON NOVEMBER 15, 2004 PLAINTIFF SUBMITTED AN INMATE GRIEVANCE FORM PERTAINING TO, AMONGST

(19 OF 28)

OTHER THINGS, BEING HANDCUFFED while SHAVERING

PURSUANT; CODE OF MASS. REGULATIONS (CMR) TITLE

103 CMR 934.02: INMATE GRIEVANCE (REQUIRED);

M.G.L. c. 127 § 38 F AND 42 U.S.C.S. § 1997e

(SEE EXHIBIT "A" ATTACHED)

38)   AT THIS FIRST STEP IN THE INMATE GRIEVANCE

PROCESS, SUPRA, PLAINTIFFS COMPLAINT WAS NOT

RESOLVED. PLAINTIFF THEN APPEALED TO THE

(SECOND STEP) UNIT MANAGER (SEE EXHIBIT A),

(LT. PETER M. MONTEIRO).

39)   AT THIS SECOND STEP, PLAINTIFFS GRIEVANCE WAS

REJECTED (SEE EXHIBIT A). PLAINTIFF APPEALED

TO THE THIRD STEP. (SEE BACK SIDE OF EXHIBIT A)

40)   AT THIS THIRD STEP, ASSISTANT DEPUTY SUPERINTEN-

DENT DESIGNEE "MAJOR LUCAS" RETURNED EXHIBIT

"A" ALONG WITH EXHIBIT "B", which is HIS RESPONSE.

#3 STATES THAT: "YOU WILL REMAIN HANDCUFFED DURING

YOUR SHAVER AS PER OUR POLICY AND YOU will be

(20 OF 28)

PLACED IN LEG-RESTRAINTS WHEN YOU ARE OUT OF YOUR CELL." PLAINTIFF ADDS THAT HE WAS ALSO REQUIRED TO BE HANDCUFFED AS WELL AND WAS SO FOR ALL INMATES (BLANKET Policy MANDATORY). (ADMITTED BY "LUCAS") IN EXHIBIT "B"

41) BECAUSE THE ISSUE OF BEING HANDCUFFED WHILE SHOWERING, WAS NOT RESOLVED AT THIS LEVEL, PLAINTIFF THEN SUBMITTED EXHIBITS "A", "B" AND A THREE PAGE WRITTEN APPEAL, THE TO SUPERINTENTS OFFICE (SEE CROSSED OFF HANDWRITTEN STATEMENT BY Plaintiff)(AND SEE BACK SIDE OF EXHIBIT A.)

42) AT THIS _FOURTH STEP_ OF THE _GRIEVANCE PROCESS_ PLAINTIFF RE-SUBMITTED, VIA INSTITUTIONAL MAIL, EXHIBITS "A"(BOTH SIDES), EXHIBIT "B" AS WELL AS PLAINTIFFS, _3 PAGES_(WRITTEN ON YELLOW LINED PAPER) FURTHER COMPLAINING, APPEALING, ISSUE OF BEING HANDCUFFED, AMONGST OTHER THINGS. PLAINTIFF PLACED ALL OF THE MENTIONED, SUPRA, INTO A WHITE ENVELOPE ADDRESSED THE SUPERINTENDENTS OFFICE. THE OFFICER ("EDWARDS") PLACED SUCH INTO THE Unit Mail Box.

(21 OF 28)

43) IT WAS <u>AT THIS POINT</u> IN <u>STEP FOUR</u>, WHICH IS THE <u>LAST STEP OF THE GRIEVANCE PROCESS</u>, THAT PLAINTIFF, <u>BEFORE</u> MAILING HIS APPEAL TO Superinten- DENT ("MICHAEL REGAN'S) OFFICE, SIGNED THE "INTENT TO APPEAL" SECTION ON NOVEMBER 19, 2004 (SEE EXHIBIT "A", <u>BACK SIDE</u>) AND THEN FOLLOWED THROUGH WITH ALL MENTIONED SUPRA, PARAGRAPH 42, THIS complaint.

44) PLAINTIFF CONTENDS THAT WHEN "MAJOR LUCAS" RESPONDED WITH EXHIBIT "B", HE MENTIONS IN #6 OF SUCH, THAT, "YOUR GRIEVANCE HAS BEEN Logged ------- AND YOU HAVE A COPY ...." (SEE EXHIBIT "B")

45) BARNSTABLE County DEFENDANTS supplied Plaintiff w/A Copy OF THEIR EXHIBIT "A", <u>BACK SIDE</u>, WHICH IS <u>NOT</u> SIGNED BECAUSE Plaintiff DIDN'T SIGN "INTENT TO APPEAL" until SUCH was RETURNED AT THE END OF STEP THREE, which EXPLAINS why DEFEN<u>DANT</u>'S COPY ISN'T SIGNED

(22 OF 23)

YET. (SEE EXHIBIT "A-2")

46)    ON NOVEMBER 22, 2004, BETWEEN 7:30 AM AND 3:30 PM (FIRST SHIFT) DEPUTY SUPERINTENDENT, ("MR. BONAVITA") CAME TO POD-F SEGREGATION UNIT SPECIFICALLY TO RESPOND TO PLAINTIFFS LAST STEP IN THE GRIEVANCE PROCESS. HE CAME AS THE SUPERINTENDENTS "DESIGNEE".

47)    MR. BONAVITA, ESCORTED BY AN OFFICER, AT THIS POINT ON NOVEMBER 22, 2004, OPENED PLAINTIFFS CELL, AFTER PLAINTIFF WAS HANDCUFFED, AND LEG-RESTRAINTS WERE PUT ON, THEN SPOKE TO PLAINTIFF IN RESPONSE TO PLAINTIFFS APPEAL TO THE SUPERINTENDENT.

48)    MR. BONAVITA STATED REASONS FOR DENYING PLAINTIFFS APPEAL, VERBALLY, AS TO THE ISSUE OF BEING HANDCUFFED while showering, AND in FULL-RESTRAINTS, while exercise WAS DUE. MR. BONAVITA STATED: (alleged) "SECURITY REASONS"

(23 of 28)

which were unspecific, yet further stating that it is "OUR Policy".

49) Plaintiff then argued that such Policy was "NOT Right" and because Plaintiff was then offering a challenge to such Policy, Mr. Bonavita returned Plaintiffs Appeal Form, WITHOUT THE 3 PAGE WRITTEN APPEAL, and stated to Plaintiff as Follows:

"IF you challenge my decision, I will HAVE you shipped out of this Facility after Suffolk County tells me where to ship you".

(SEE SECTION SUPERINTENDENT/ DESIGNEE DECISION ON BACK SIDE OF EXHIBIT A. (HANDWRITTEN BY PLAINTIFF) and initialed.

50) At that Point, which Plaintiff stated in his original complaint, in this action, Plaintiff DID NOT challenge Bonavita's Decision in FEAR OF REPRISALS, REPERCUSSION, and at this Point, Plaintiff HAD "EXHAUSTED ALL ADMINISTRATIVE REMEDIES" OFFERED BY DEFENDANTS GRIEVANCE PROCESS, FOR INMATE Complaints, PURSUANT AND

REQUIRED, BY 42 USCS § 1997e PRISONER LITIGANT REFORM ACT.

## SUMMARY

51) PLAINTIFF STATES TO THIS COURT THAT HE HAD NO CHOICE BUT TO STOP COMPLAINING OF HIS ISSUES REGARDING CONDITIONS IN THE DEFENDANTS DISIPLINARY UNITS, OUT OF FEAR OF REPRISALS BY THE BARNSTABLE COUNTY DEFENDERS.

52) PLAINTIFF STATES THAT BECAUSE OF DEPUTY SUPERINTENDENT'S THREATS OF REPRISAL, PLAINTIFF WAS DENIED DUE PROCESS BY BEING BLOCKED FROM ATTEMPTING FURTHER REMEDY TO SUCH CONDITIONS OF INCARCERATION IN THE DEFENDANTS DISIPLINARY UNITS; BLOCKED BY FEAR OF REPERCUSSION; REPRISALS, ETC..; BLOCKED FROM APPEALING TO THE SUPERINTENDENTS LEVEL IN SUCH PROCESS.

53) BECAUSE OF THE AFOREMENTIONED; SUPRA, THE

BARNSTABLE County DEFENDANTS ET AL, HAVE INTERFERED WITH THE REQUIREMENTS PURSUANT TO 42 USCS § 1997e AND 103 CMR 934.02 AND M.G.L. C. 127 38F ET SEG.

54) PLAINTIFF STATES THAT INASMUCH AS, SUPRA, THE DEFENDANTS HAVE VIOLATED PLAINTIFFS RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION FOR WHICH PLAINTIFF IS ENTITLED TO RELIEF. (THIS IS DEFENDANTS 2ND VIOLATION OF DUE PROCESS, 14TH AMENDMENT (SEE EARLIER, SUPRA)

55) PLAINTIFF STATES THAT INASMUCH AS SUPRA, HIS RIGHTS UNDER 42 USCS § 1983 HAVE BEEN VIOLATED FOR DEPRIVATION OF RIGHTS TO WHICH PLAINTIFF IS ENTITLED TO RELIEF.

56) PLAINTIFF STATES THAT INASMUCH AS HIS AMENDED COMPLAINT, THE DEFENDANTS HAVE VIOLATED STATE AND FEDERAL IAWS TO WHICH PLAINTIFF IS ENTITLED TO RELIEF.

## CLAIMS FOR RELIEF

57) PLAINTIFF INCORPORATES BY REFERENCE, THE

FACTS SET OUT IN PARAGRAPHS 1 - 56 IN THIS AMENDED COMPLAINT FULLY SET FORTH HEREIN), SUPRA.

58)    THE FACTS SET FORTH HEREIN) VIOLATE PLAINTIFFS RIGHTS UNDER 103 CMR 934.01 : INMATE RIGHTS (REQUIRED)

59)    THE FACTS SET FORTH HEREIN) VIOLATE PLAINTIFFS RIGHTS UNDER 103 CMR 934.02 INMATE GRIEVANCES REQUIRED BY 42 U.S.C.S. § 1997e.

60)    THE FACTS SET FORTH HEREIN) VIOLATE PLAINTIFFS RIGHTS UNDER M.G.L. c. 127 38 E ET SEQ.

61)    THE FACTS SET OUT HEREIN) VIOLATE PLAINTIFFS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION) FOR CRUEL AND UNUSUAL PUNISHMENT.

62)    THE FACTS SET FORTH HEREIN) VIOLATE PLAINTIFFS RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION) CLAUSES OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION)

63)    THE FACTS SET FORTH HEREIN VIOLATE PLAINTIFFS RIGHTS UNDER 42 U.S.C.S. § 1983 FOR DEPRIVATION OF RIGHTS SUPPORTED BY THE U.S. Constitution.

PRAYERS FOR RELIEF

64)    GRANT SUCH EQUITABLE, PUNITIVE AND INJUNCTIVE RELIEF AS MAY BE AVAILABLE AND JUST AND PROPER.

65)    GRANT MONETARY DAMAGES IN THE AMOUNT OF ONE HUNDRED THOUSAND DOLLARS ($100,000).

66)    GRANT SUCH OTHER AND FURTHER RELIEF AS THIS COURTS DEEMS JUST AND PROPER.

I, STEVEN DEARBORN, PLAINTIFF IN THIS MATTER DO HEREBY SWEAR AND DEPOSE THAT ALL THE FACTS STATED IN THIS MOTION TO AMEND COMPLAINT ARE TRUE AND ACCURATE TO THE BEST OF MY ABILITY AND KNOWLEDGE. SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATE: JUNE 23, 2005

STEVEN W. DEARBORN, PRO SE,