United States District Court
District of Massachusetts

No. 05-CV-10642 WGY

Steven Dearborn (Pro Se),
  Plaintiff,

v.

Commissioner of Corrections (et al),
  Defendant.

Memorandum of Law in Support of Plaintiffs Opposition to Defendants Cross-Motion for Summary Judgment.

Introduction

The Plaintiff, Steven Dearborn, originally filed this action against the Defendants, Commissioner of (Comm) Corrections, Barnstable County Commissioners, Barnstable County Sheriff and Barnstable County House of Corrections, Superintendent, seeking damages for conditions at Barnstable County House of Corrections Disiplinary Units while serving a thirty-day sanction for alleged disiplinary offenses.

While confined in such Disiplinary Unit, Plaintiff complained of being forced to shower in handcuffs behind a secure shower door.

Plaintiff has since filed motions for Summary Judgment, Preliminary Injunction, for a Temporary Restraining Order. All Defendants have opposed all motions of Plaintiffs and have filed Cross-Motions for Summary Judgment as well.

Plaintiff has also filed a Motion to Amend the Complaint as well as opposition to all Defendants Motions which, presently, await the Courts decision.

Because Defendant, Commissioner of Corrections, Kathleen Dennehy, has filed separately from the Barnstable County et al, Defendants, Plaintiff now moves to oppose Dennehy's Cross-Motion for Summary Judgment.

## STATEMENT OF FACTS

1) Defendant, Dennehy, in her Motion for Opposition and Cross-Motion for Summary Judgment, should be denied for several reasons mentioned, infra.

2) Denneny claims that Summary Judgment "may be entered if the pleadings and other materials show that there is no genuine issue as to any material facts and that the moving party is entitled to a Judgment as a matter of law."

3) Plaintiff states that because: "Whether or not a violation of a prisons conditions are sufficiently harm-

-ful to establish an Eighth Amendment (violation) is purely legal determination for the court to make", that Plaintiff's claims should not be denied as requested by Dennehy in her cross-motion for summary judgment see Torres v. Commissioner of Corrections (1998) 427 Mass. 611, 695 NE 2d 200 Cert den 525 US 1017 142 L. Ed 2d 451. See also Hicky v. Reeder 12 F. 3d 754, 756 (8th Cir 1993), citing Hudson v. McMillian 503 U.S. 1, 6, 117 L. Ed 2d.

4) Plaintiff states that inasmuch as the Eighth Amendment issue is concerned, because this decision is "legal determination for the court to make", the Defendants motion for summary judgment should be denied.

5) Plaintiff states that because Defendant Dennehy claims that there is "no casual link" to connect her to Plaintiff's claims in this case, that the court recognize the following administrative law, which clearly links her to such complaint.

## ARGUMENT

6) M.G.L. c. 124 § 1(A) is quoted in Suffolk County Inmates v. Eisenstadt 494 F. 2d 1196, 1197 as saying, "Commissioner besides his (494 F. 2d 1199) unique state-wide transfer powers had general supervision of the jails and houses of correction," and that "M.G.L. c. 124 § 1(A) has recently

been sharpened to present language directing him to establish ..... minimum standards for the care and custody of all persons committed to county correctional facilities and to secure compliance with such standards," M.G.L. c. 127 § 1A, see also M.G.L. c. 127 § 1B, c. 124 §§ 2 (Q)(q).

7) Plaintiff states that inasmuch as the above, supra, Defendants (Dennehy) has sufficient responsibilities and is responsible, if at a minimum, to at least inspect and secure compliance with such standards, set by her, at Barnstable County H.O.C.

8) Furthermore: "In action brought against county sheriff alleging unconstitutional conditions of confinement for pre-trial detainees at jail, judge did not err in refusing to join as additional defendants county commissioners, but with respect to administering judge's remedial order, and further remedies, judge may order Commissioner of Correction, should be joined as party defendant." Richardson v. Sheriff of Middlesex County (1990) 407 Mass 455, 553 NE 2d 1286.

9) Plaintiff states that Denneny has other responsibilities which link her to Plaintiff's claim. In M.G.L. c. 127 § 38E: Grievance System and Resolution (3) "safeguards to avoid reprisals against any petitioner or participant in resolution of a grievance." Also in 127 § 38E(A) ..."the commissioner in consultation with the county sheriffs, shall

also promulgate regulations for resolution of grievances filed against a county of the commonwealth, it's employee's, by ~~(or its the)~~ inmates who are committed to, held by, or in the custody of a county sheriff."

10) Plaintiff states that in the initial grievance process, (at BCHOC) there was no mention that Plaintiff could appeal to the Commissioner (see Exhibit A both sides) and even if he were informed of such, he was stopped at the last step, before completing such step, which was to the Superintendent. Instead, a "designee" of the Superintendent's ("Bonavita") came, in response to Plaintiffs appeal to the Superintendent (Regan), on November 22, 2004 and to answer such, stated reasons (verbally) as to denying Plaintiffs appeal and then threatened Plaintiff by stating:

"If you challenge my decision, I will ship you out of this facility."...

11) Plaintiff states that he had no choice but to stop complaining administratively, in fear of such reprisal. At that point, Plaintiff began searching for a different way to proceed in which he later began to petition the state court.

✱ ✱ As a safeguard to protect himself from such reprisal, from "Bonavita," Plaintiff listed in original complaint, p. 12, 13, 17 such stated reprisal, so that the Barnstable County Defendants would refrain from carrying out such stated reprisals (see complaint p. 12, 13, 17.).

12) Plaintiff states that because he is unskilled at (litigating) litigating and because he was denied a court appointed lawyer in the state court, he recently filed a motion to amend his complaint stating that all defendants in this matter have violated plaintiffs rights under the <u>Fourteenth Amendments</u> due process and equal protection clauses, because, amongst other things, "Bonavita's" threats of reprisal interfered with the (required) process of filing a legitimate grievance, which is necessary under <u>Mass. Code Regs. 103 CMR 934.02: Inmate Grievance (Required) M.G.L. c. 127 § 38E and 42 USCS § 1997E (Prison Litigation Reform Act).</u>

13) Plaintiff states that the above-mentioned with regard to <u>Inmate Grievance (Required) 103 CMR 934.02</u> and <u>103 CMR 934.01 Inmate Rights (Required)</u> these regulations have force of law, and inasmuch as so, require that a process be afforded and followed to protect inmates rights. And due to defendants actions, those rights were violated. Therefore, the defendants must be held responsible for violating plaintiffs rights under the <u>Fourteenth Amendment</u> and under <u>42 U.S.C.S. § 1983</u> for deprivation of such rights.

14) Plaintiff states that the defendants et al, grievance procedure, (have) HAS been interfered with and has failed to meet the required regulations, in which links the Commissioner of Correction, as well as all defendants, under, amongst others, <u>M.G.L. c. 127 § 38E(A)</u>. Dennehy has failed to secure compliance with such regulation as well as B.C. HOC.

15) Plaintiff states that because the defendants et al. policy of handcuffing inmates while showering in disciplinary

units and requiring full-restraints to be worn during plaintiffs one-hour exercise is a Blanket Policy which applies to all inmates in such units, Plaintiff states that no process is afforded with regard to a classification system to determine an individual's status before, or after, being subjected to such unnecessary restraints (for more on this issue, refer to Plaintiffs Amended Complaint).

16) Plaintiff states that the "Across the Board Policy" rather than an individual decision regarding the use of restraints indeed the 'nature' of a Blanket-Policy is such "that it removes the need for decisionmaking on a case-by-case basis" as stated in THIELMAN V. LEEAN which deprives an inmate, in such units, any type of a review before or after, initial sanction of being free from restraints. THIELMAN V. LEEAN 282 F.3d 478 (March 4, 2002) see also SHANGO V. JURICH 681 F.2d 1091, 1097 (7TH CIR. 1982).

17) Plaintiff states that as in, HEWITT V. HELMES 459 US 460 74-7 L. Ed 2d 675, 103 S.CT. 864 (1983) "THE COURT HELD THAT PRISON REGULATIONS COULD GIVE RISE TO liberty interests if the language of the regulation contained "mandatory" language that an incursion of liberty would not occur, absent substantive predicates." Plaintiff states that the defendants Blanket-Policy or "Across-the-Board Policy" deprived him of due process and equal protection under the FOURTEENTH AMENDMENT as well as 42 USCS § 1983 for being deprived of such rights.

18) In Sandin v. Conner 515 US 472, 132 L. Ed., the court further states that Sandin refocused the inquiry on the 'nature' of the deprivation at issue (515 US at 483-84.) The court held that "a state could not create a liberty interest unless the right provided freedom from restraint that imposes atypical and significant hardship on the inmate, in relation to the ordinary incidents of prison life." Plaintiff states that the Defendants policy of showering inmates in handcuffs and requiring full-restraints during one-hour exercise, is directly related to this issue in Sandin with regard to restraints and does create a liberty interest which affords, no inmate in such unit, regardless of the disciplinary offense, a process to be free from restraints, while showering or exercise, which is punitive in nature. See Youngberg v. Romeo 457 U.S. 307 73 L. Ed. 2d 28 102 S.Ct. 2452 (1982) quoting Greenholtz v. Nebraska Penal Inmates 442 US 1, 18, 60 L Ed. 2d. 668, 99 S.Ct. 2100 (1979).

19) Plaintiff states that Defendants, et al, Policy of handcuffing inmates (Plaintiff) while showering, and exercising him in full-restraints (leg-shackles and handcuffs), while in Disciplinary Units "raises a presumption of a punitive sanction" which violates Plaintiff's rights under Eighth Amendment to be free from cruel and unusual punishment and also violates 103 CMR 924.12(8) Use of Restraints: "Restraints equipment may not be applied as a punishment." Also M.G.L. c. 124 § §(1)(d) and (q); c. 127 §§ 1A and 1B.

20) Because Defendant Dennehy is responsible for implementing regulations and securing compliance with such as well as inspecting such policies, she should have been aware of

THE BARNSTABLE County Policy which has been IN EFFECT FOR YEARS; IN THE FORMER "UNIT-C" OF THE Old House OF Correction, AS well AS IN THE NEW ONE, which OPENED ON October 1, 2004. NO OTHER COUNTY HOUSES OF CORRECTION AT LEAST NOT IN ESSEX, Middlesex, Suffolk, OR ANY "MAXI-mum security" PRISONS PRACTICE THIS Policy.

THEREFORE, FOR All THE REASONS AND laws STATED DEFENDANT, DENNEHY'S, MOTION - CROSS-MOTION FOR Summary Judgment MUST BE DENIED IN FAVOR OF THE Plaintiff AND IN light OF THE Plaintiffs RECENTLY FILED MOTION TO Amend complaint (IF allowed) DEFENDANT SHOULD BE AFFORDED DUE TIME TO RESPOND TO SUCH.

Respectfully Submitted,
By Plaintiff, PRO SE,

Steven Dearborn
STEVEN W. DEARBORN
6000 SHERIFFS Place
BOURNE, MA 02532

DATED: JUNE 26, 2005