UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

STEVEN DEARBORN, pro se, )
    Plaintiff )
)
)
vs. )
)
)
COMMISSIONER OF )
CORRECTIONS, BARNSTABLE )
COUNTY COMMISSIONERS, )
BARNSTABLE COUNTY SHERIFF )
AND BARNSTABLE COUNTY )
HOUSE OF CORRECTIONS )
SUPERINTENDENT, )
    Defendants )

## DEFENDANTS, BARNSTABLE COUNTY COMMISSIONERS, BARNSTABLE COUNTY SHERIFF, AND BARNSTABLE COUNTY HOUSE OF CORRECTIONS SUPERINTENDENT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Now come the Defendants, Barnstable County Commissioners, Barnstable County Sheriff, and Barnstable County House of Corrections Superintendent, and moves this Honorable Court, to deny Plaintiff's Motion to Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888 5700

## I. INTRODUCTION

The Plaintiff, Steven Dearborn, (hereinafter "Dearborn") is an inmate at Barnstable County Correctional Facility (hereinafter "Correctional Facility"). Dearborn filed this action claiming that his Eighth Amendment rights were violated, that his rights under the Massachusetts State Constitution were violated, and that he suffered emotional distress. Dearborn also sought injunctive relief, prohibiting the Correctional Facility from requiring him to shower while wearing handcuffs. This Honorable Court denied Dearborn's request for injunctive relief as being moot. Additionally, both the Barnstable County Defendants and Dearborn have filed Motions for Summary Judgment which are pending before this Court.

Dearborn now seeks to amend his complaint. However, Dearborn's proposed amendments will not cure the defects in his complaint. Furthermore, Dearborn's proposed amendments seek to have the Court adjudicate claims which have already been declared moot by this Court.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

## II.   FACTS

Dearborn has been an inmate at Barnstable County Correctional Facility since October 12, 2004. (Exhibit 1)[1]. Dearborn was transferred to the Barnstable County Correctional Facility from the Suffolk County Sheriff's Office due to numerous disciplinary issues including assaults on staff and assaults on inmates. (Exhibit 1).

On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in an assault on a staff member. (Exhibit 1). A "Move Team" was required to move Dearborn from his cell to the Administrative Segregation Unit. Id. It was necessary to place Dearborn in a restraint chair after the move due to his behavior. Id. A disciplinary board ordered Dearborn to serve a thirty (30) day sanction in the Disciplinary Isolation Unit. Id. This is the longest sentence allowed by law, absent extraordinary circumstances. Id.

From November 15, 2004 to December 15, 2004, Dearborn was housed in the disciplinary unit. (Exhibit 1). The minimum standards allowing inmates to leave their cells in the Disciplinary Isolation Unit

---

[1] Exhibit 1, Affidavit of Lieutenant Peter Monteiro, has been submitted in its original form as Exhibit 1 to Barnstable County's Opposition to Dearborn's Motion for Summary Judgment. A copy of the Affidavit is submitted herewith.

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

3

require handcuffs. Id. While an inmate in that unit, Dearborn was required to wear handcuffs while showering for security reasons. (Exhibit 1). The shower did not lock and it was considered a security risk to have inmates in a disciplinary unit shower without handcuffs. (Exhibit 1). Dearborn never suffered a physical injury as a result of wearing handcuffs in the shower, nor does he allege to have suffered a physical injury. (Exhibit 1 and Complaint).

On or about December 16, 2004, Dearborn was returned to the general population of the Correctional Facility. (Exhibit 1). The general population is not required to wear handcuffs to shower. Id. Furthermore, the shower stall in the disciplinary unit was equipped with a lock in March of 2005. Id. No inmates at the Correctional Facility have been required to wear handcuffs while showering since that time. Id.

### III. ARGUMENT

#### A. DEARBORN'S MOTION TO AMEND THE COMPLAINT SHOULD NOT BE GRANTED AS IT WILL NOT CURE THE DEFICIENCIES OF HIS ORIGINAL COMPLAINT.

Rule 15(a) of the Federal Rules of Civil Procedure declares that "leave to amend shall be freely given when justice so requires." Foman

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

4

v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, leave to amend "need not be given if the amendment would not be a proper subject of relief." Aversa v. United States, 99 F.3d 1200, 1214, quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Furthermore, the District Court is given discretion whether to grant a motion to amend. Sheehan v. City of Gloucester, 321 F.3d 21. 25 (2003). It is not an abuse of the Court's discretion to refuse to grant a motion for leave to amend when the proposed amendments would not cure the deficiencies in the original complaint. Bricker v. Crane, 468 F.2d 1228, 1233 (1972). Dearborn's Motion to Amend the Complaint should not be granted as the amendments will not cure the deficiencies of his original Complaint.

1. **DEARBORN HAS NOT SUFERED ANY PHYSICAL INJURY AND THEREFORE THE COUNTS OF HIS AMENDED COMPLAINT ARE BARRED BY THE PRISON LITIGATION REFORM ACT.**

Dearborn has not alleged that he has suffered any physical injury as a result of being required to shower while wearing handcuffs for a thirty day period while he was confined to a Disciplinary Isolation Unit. (Exhibit 1, Complaint and Motion to Amend Complaint). Accordingly,

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

5

any claims Dearborn makes for damages are not as a result of physical injury.

Pursuant to the Prison Litigation Reform Act, prisoners may not bring an action for damages unless they have suffered a physical injury. 42 U.S.C.A. § 1997e(e).

> No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.
> Id.

Accordingly, as Dearborn cannot establish that he suffered any physical injury as a result of being required to shower in handcuffs, his amended claims would not correct the deficiencies in his original Complaint. Therefore, Dearborn's Motion to Amend the Complaint must be denied.

**B.     THIS HONORABLE COURT HAS DETERMINED THAT DEARBORN'S CLAIMS ARE MOOT AND HIS MOTION TO AMEND THE COMPLAINT SHOULD THEREFORE NOT BE ALLOWED.**

Dearborn was required to shower while wearing handcuffs for a thirty day period while he was confined in the Disciplinary Isolation Unit. (Exhibit 1). On or about December 16, 2004, Dearborn was

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

6

returned to the general population of the Correctional Facility. (Exhibit 1). The general population is not required to wear handcuffs to shower. Id. Furthermore, the shower stall in the disciplinary unit was equipped with a lock in March of 2005. Id. No inmates at the Correctional Facility have been required to wear handcuffs while showering since that time. Id. Dearborn had sought an order prohibiting the Correctional Facility from requiring him to shower while wearing handcuffs. This Honorable Court denied Dearborn's Motion for Injunctive Relief as being moot.

Dearborn's proposed amendments are also moot, as these amendments pertain to Dearborn's having been required to shower while wearing handcuffs. Dearborn's proposed amended claims are merely an attempt to have the Court once again adjudicate claims which it has previously determined to be moot. Accordingly, Dearborn's Motion to Amend the Complaint should be denied.

### III. CONCLUSION

Dearborn's proposed amended Complaint does not cure the deficiencies of his original Complaint. Furthermore, the proposed

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

amendments are merely another attempt by Dearborn to have claims adjudicated by this Court, which this Court has previously determined to be moot.

WHERETOFORE the Barnstable County Defendants respectfully request that Dearborn's Motion to Amend the Complaint be denied.

                      Respectfully submitted,
                      For the Barnstable County Defendants,
                      By their Attorney,

                      Robert S. Troy
                      90 Route 6A
                      Sandwich, MA 02563
                      (508) 888-5700
                      BBO#503160

DATED: July 7, 2005

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

**EXHIBIT NO. 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-CV-10642-WGY

STEVEN DEARBORN, pro se, )
    Plaintiff )
 )
Vs. )
 )
COMMISSIONER OF )
CORRECTIONS, BARNSTABLE )
COUNTY COMMISSIONERS, )
BARNSTABLE COUNTY SHERIFF )
AND BARNSTABLE COUNTY )
HOUSE OF CORRECTIONS )
SUPERINTENDENT, )
    Defendants )

## AFFIDAVIT OF PETER M. MONTEIRO

I, Peter M. Monteiro, under oath, and upon my personal knowledge, do hereby depose and say as follows:

1. I have been employed by the Barnstable County Sheriff's Department since May of 1993.

2. I have presently achieved the rank of Lieutenant.

3. I became Unit Team Manager of House 2 in March of 2004.

4. House 2 includes the Disciplinary Isolation Unit for the Barnstable County Correctional Facility.

5. I am familiar with the policies, procedures and duties of a Sheriff's Officer in maintaining security at the Barnstable County Correctional Facility.

6. Steven Dearborn (hereinafter "Dearborn") became an inmate at the Barnstable County Correctional Facility on October 12, 2004.

7. Steven Dearborn had been transferred to Barnstable County Correctional Facility from the Suffolk County Sheriff's Office.

8. Dearborn was transferred due to numerous disciplinary issues including assaults on the staff and assaults on inmates.

9. On October 15, 2004, three days after his arrival at the Barnstable County Correctional Facility, Dearborn was involved in a major

2

disciplinary incident, culminating with Dearborn's attempts to bite and punch staff members.

10. A "Move Team" was required to move him from his cell to the Administrative Segregation Unit.

11. Disciplinary Reports written by the "Move Team" indicate that Dearborn attempted to bite and punch members of the "Move Team."

12. It was necessary to place Dearborn in a restraint chair after the move, due to his behavior.

13. A disciplinary board ordered that Dearborn serve a thirty (30) day sanction in the Disciplinary Isolation Unit. This is the longest sentence allowed by law, absent extraordinary circumstances.

14. Inmates may only leave their cells in the Disciplinary Isolation Unit, if at a minimum, they are wearing handcuffs.

15. From November 15, 2004 through December 15, 2004, Dearborn was housed in Pod F, the Disciplinary Isolation Unit at the Barnstable County Correctional Facility.

16. During that time, the shower door in the Disciplinary Isolation Unit did not have a lock.

17. As the shower door did not lock, the only way to maintain safety and security while inmates housed in the Disciplinary Isolation Unit showered was to require these inmates to wear handcuffs while showering.

18. On December 16, 2004, Dearborn was returned to the general population of the Correctional Facility.

19. While a member of the general population at the Barnstable County Correctional Facility, Dearborn has never been required to wear handcuffs while showering.

20. Dearborn has not been required to shower while wearing handcuffs since December 15, 2004.

21. The shower door in the disciplinary unit was fitted with a lock in March of 2005.

22. No inmate at the Barnstable County Correctional Facility has been required to shower with handcuffs since the lock was placed on the shower door in the Disciplinary Isolation Unit.

23. Dearborn has never reported that he was injured while showering at the Barnstable County Correctional Facility.

24. No Barnstable County Sheriff's Department employee has ever reported that Dearborn was injured while showering at the Barnstable County Correctional Facility.

SIGNED UNDER THE PAINS AND PENALTIES THIS /5/ DAY OF JUNE, 2005.

_____
Lt. Peter M. Monteiro

Ellen A. Tripp
Notary Public



ELLEN ANN TRIPP
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 17, 2010

## CERTIFICATE OF SERVICE

      I, Robert S. Troy, do hereby certify that this day I served a true copy of the within Defendants, Barnstable County Commissioners, Barnstable County Sheriff and Barnstable County House of Corrections Superintendent's Opposition to Plaintiff's Motion to Amend Complaint by mailing same, first class mail, postage prepaid to:

Mr. Steven Dearborn, pro se
#14676 K-POD #12
600 Sheriff's Place
Bourne, MA 02532

David J. Rentsch, Esq.
The Commonwealth of Massachusetts
Executive Office of Public Safety
Department of Correction Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300

                                                Robert S. Troy

Dated: July 7, 2005

LAW OFFICES
ROBERT S. TROY
SEXTANT HILL OFFICE PARK
90 OLD KINGS HIGHWAY
(ROUTE 6A)
SANDWICH, MA
02563-1866

TEL. (508) 888-5700

p:\docs\bar\dearborn\certificate of service 070605.doc