**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

No. 05-CV-10642-WGY

Steven Dearborn, pro se,                )
Plaintiff,                              )
                                        )
vs.                                     )
                                        )
Barnstable County Commissioners, et al, )
Defendants.                             )

## PLAINTIFF'S MOTION REQUESTING LEAVE
## TO AMEND COMPLAINT

Now comes the Plaintiff, pro se, in the above captioned
matter and moves this Honorable Court, pursuant with the
Federal Rules of Civil Procedure, Rule 15(A), to grant
Plaintiff's request for LEAVE TO AMEND COMPLAINT. Plaintiff
relies on the following to support such request to this
court.

### INTRODUCTION

1. Plaintiff filed this action originally in State Court on 1/14/2005
   challenging the Defendant's Policy on their use of restraints at the
   Barnstable County House of Corrections("BCHOC" herein after) disip-
   linary units.

2. This action was removed to this court by the Defendants. Since then,
   Plaintiff filed several Motions including the most recent MOTION TO

2.

AMEND COMPLAINT which was denied by this court on July 19, 2005.

3. Plaintiff has also filed a Motion for Summary Judgment which presently awaits the court's decision. At this point, Plaintiff can only assume that because FRCP Rule 15A states that a Motion to Amend Complaint, under these circumstances, must be made only by request to the court, that this was the reason for denying his motion.

4. Plaintiff states that the court gave no reason why such motion was denied, and because Plaintiff was unaware of this specific requirement in Rule 15 (A), that he should be allowed to make this request for a LEAVE TO AMEND.

5. Plaintiff states that he lacks the skills to litigate properly, but because he was denied counsel by the State Court, he must continue this action PRO SE. The only alternative, is to voluntarily drop this complaint, which Plaintiff refuses to do.

## FACTS

6. Defendants have attempted to claim and persuade this court, that the reason Plaintiff was forced to shower while in handcuff restraints, and exercise in both handcuffs and leg-irons, was because of past acts, or behavior.

7. Plaintiff states that these alleged past acts, even if true, were not the reason he was forced to shower and excercise in restraints.

8. Plaintiff reasserts, that the reason he was forced to comply with this requirement, is because Defendants policy on restraints in their disiplinary units, is a "blanket-policy" which has no "rational basis for determining, or drawing distinction with the regard to the use of these restraints" as discussed in Thielman v Leean 282 F. 3d 478 (March 4, 2002.

9. Plaintiff states that all inmates in Defendants disiplinary units are required to be in "full-restraints" (handcuffed and in leg-irons) during their only hour out of cells, which is supposed to be for the excercise which is not possible while in such restraints. Inmates are also required to be in handcuff restraints while showering. These requirements apply to all inmates, regardless of any past acts, etc. This practice is unheard of in any other state or county facilities in the state of Massachusetts, and should not be practiced here in Barnstable County House of Correction. There is no decisionmaking involved in the process. The Defendant's are relieved of that necessity, which is also unheard of.

3.

10. Plaintiff states that he was deprived of exercise and that there
    was no reason why he, or any of the other inmates (see Exhibits, had
    C-1 through C-10), to be handcuffed while showering, as it was not
    necessary, especially when the shower door was locked and had been
    equipt with a "slot" specifically designed so that the inmate could
    put his arms through to be uncuffed.

11. The Defendants policy violates Plaintiffs rights, as well as all others
    who continue to be deprived of their rights. Inmates have the right
    to exercise for one hour, five times per day, while in segregation
    units. No other correctional facilities in Massachusetts, state or
    county, force inmates to shower in handcuffs.

12. Plaintiff was also threatened by the Deputy Superintendant, that if
    he took this issue further, there would be consequenses. Plaintiff
    was threatened while discussing an appeal to his inmate grievence,
    which is a requirement under 42 USC § 1997e (Prison Litigation Reform
    Act). Without this procedure for legitimate complaints by inmates,
    there is no redress or remedies to any complaint.

13. Plaintiff states that because his original complaint may have defects,
    and may also fail to state a claim or cause for action, that he may
    need to amend his complaint to conform to the evidence and to properly
    state such claims.

14. Plaintiff states that because he failed to request a LEAVE TO AMEND
    COMPLAINT, such request should now be considered. The defects in his
    original complaint and in his previous Motion to Amend, must be corr-
    ected, and cured.

## MEMORANDUM OF LAW

15. Rule 15 (A), states that "leave shall be freely given when justice
    so requires."

16. Rule 15 (B), states that such amendments of pleadings as may be necess-
    ary to cause them to conform to the evidence, and to raise these issues,
    may be made upon motion of any party at any time."

4.

17. Rule 15 (c), states that "claim or defense asserted in the Amended
    pleading arose out of the same conduct, transaction, or occurrences
    set forth in the original pleading." and in the Plaintiffs case, all
    issues to be stated in an Amended Complaint are already supported in
    the original copmlaint, but need to be properly stated as a cause of
    action and in a claim to which relief may be granted. Plaintiff states
    that this may be necessary.

18. "Function of Rule 15 is to provide parties opportunity to assert nnew
    matters that may have been known to them at the time they filed their
    original pleading." Johnson v. Helicopter & Airplane Services Corp.
    (1974, DC MD) 389 F. Supp. 509, 20 FR Serv. 2d 326.

19. "Amended pleadings which are governed by Rule 15 (a), set forth matters
    occurring prior to date of original pleading but omitted from that
    pleading." United States v. International Business Machines Corp. (19-
    75, SD NY) 66 FRD 223, 1975-1 CCH Trade Cases, ¶ 60104, 19 FR Serv. 2d
    783.

20. "It is implicit in Rule 15, that plaintiff may amend his coplaint only
    to add matters that would otherwise have been proper to include in the
    original complaint." Martinez v. Safeway Stores, Inc. (1975, ND Cal)
    66 FRD 446, 11 BNA FEP Cas 1248, 10 CCH EDD p. 10348, 20 FR Serv. 2d
    991.

21. "Considering Policy of liberality behind Rule 15, court which fails to
    even consider Motion to Amend, much less grant it, has abused it's
    discretion. Marks v. Shell Oil Co. (1987, CA 6 Mich) 830 F. 2d 68, 9FR
    Serv. 3d 593.

## CONCLUSION

22. Plaintiff states that because of the defects in original complaint,
    and because he was not aware of the requirements in Rule 15, the court
    should allow him to LEAVE TO AMEND COMPLAINT.

23. Plaintiff states that DENIED Motion to Amend, should be stricken from
    the record pending a new one, if allowed to do so by this court.

5.

WHEREFORE, Plaintiff requests that his MOTION for REQUEST
TO LEAVE be granted in light of the facts and considering the
circumstances of Plaintiffs PRO SE legal skills, or lack of.
Plaintiff humbly regrets the inconveniences that may have been
caused by his lack of ability to litigate properly, and hopes
that such delays will not occur in the future proceedings of this
action in this court.

Respectfully Submitted,

Steven W. Dearborn #14676 pro se
6000 Sheriff's Place
Bourne, Massachusetts 02532

Dated: _August 9, 2005_

cc. file

**CERTIFICATE OF SERVICE**

I, Steven W. Dearborn, Plaintiff, do hereby certify that on this
day, I served a true copy of the enclosed MOTION FOR REQUEST
TO LEAVE TO AMEND COMPLAINT to the Defendants, by mailing same,
postage paid, by placing such into a U.S. mailbox at the Barn-
stable House of Correction, Unit POD-K. first-class mail.
Copies were mailed to:


Robert S. Troy
Attorney at Law
90 Route 6A
Sandwich, MA 02563-1866

David J. Rentsch
Commonwealth of Mass.
Executive Office
Public Safety DOC
Legal Division
70 Franklin St. Suite
Boston, MA      600
02110-1300

Dated: 8/ 8 /2005

Steven W. Dearborn, pro se,
#14676 (BSO)
6000 Sheriff's Place
Bourne, MA 02110-1300


cc.file